HOYT POST ET AL., ADM'RS v. DANIEL J. CAMPAU.

*Limitation of actions for breach of covenant—Incumbrances—Action for money paid.*

*It seems* that the right of action for breach of warranty accrues when substantial damage is suffered; and successive acts or occurrences causing damage amount to successive breaches.— COOLEY, J.

An incumbrance is anything which burdens a title; as a right of way; a right to take off timber; a right of dower; a condition that may work forfeiture, or any interest that diminishes the value of the land while it is consistent with the conveyance of the fee.

The elements of a cause of action are (1) a breach of duty to another, and (2) a damage to the latter resulting from it.

A covenant runs with the land when its purpose is to give future protection to the title which the deed containing the covenant undertakes to convey, but not when it simply gives protection against something which immediately affects the title and causes present damage.

There is no laches in delaying suit until the party bringing it has been damnified.

A deed contained the following covenant of warranty: "The said parties of the first part for themselves, heirs, executors and administrators, do covenant, grant, bargain and agree to and with the said party of the second part, his heirs and assigns, that they, the said parties of the first part, have not heretofore done, committed, or wittingly or willingly suffered to be done or committed any act, matter or thing whatsoever, whereby the premises hereby granted, or any part thereof, is, are or shall or may be charged, encumbered in title or estate or otherwise." *Held* a special covenant looking to the future and promising indemnity for damages that might at any future time result from the breach of it.

Ejectment was brought against the grantee of land that had been deeded with a covenant of warranty, and at the grantor's request, the grantee defended the suit. The plaintiff in ejectment prevailed and the grantee afterwards bought in his title. *Held* that he could recover against the grantor's estate as for money paid to the grantor's use.

Error to Wayne. Submitted Oct. 17. Decided Oct. 30.

APPEAL from the report of commissioners on the estate of Theodore J. Campau, disallowing a claim brought by Daniel J. Campau. Claimant recovered judgment, and the administrators bring error.

*Wilkinson, Post & Wilkinson* for plaintiffs in error. Covenants of seizin and of a right to convey and against incumbrances, are personal covenants, not running with the land or passing to the assignee, for if not true, they are broken as soon as executed, and become *choses in action* which are not technically assignable, 4 Kent's Com., 471; *Mitchell v. Warner*, 5 Conn., 497; *Davis v. Lyman*, 6 Conn., 249; *Clark v. Swift*, 3 Met., 390; *Tufts v. Adams*, 8 Pick., 547; *Potter v. Taylor*, 6 Vt., 676; *Lawrence v. Montgomery*, 37 Cal., 188; *Salmon v. Vallejo*, 41 Cal., 484; *Allen v. Little*, 36 Me., 170; *Morrison v. Underwood*, 20 N. H., 369; *Garrison v. Sandford*, 7 Halst., 261; *Smith v. Lloyd*, 29 Mich., 382; *Matteson v. Vaughn*, 38 Mich., 373; see, however, *Foote v. Burnet*, 10 Ohio 332; *Dickson v. Desire*, 23 Mo., 163; *Mar-*

*tin* v. *Baker*, 5 Blackf., 232; *Kingdon* v. *Nottle*, 1 M. & S., 355: 4 id., 53; the statute of limitations runs at once upon the usual covenant against incumbrances, Rawle on Covenants, 360, 556; *Bird* v. *Smith*, 3 Eng. (Ark.), 368; *Pierce* v. *Johnson*, 4 Vt., 247.

*Moore & Moore* and *Ashley Pond* for defendant in error. A covenant against incumbrances is broken only when the covenantee has paid the incumbrance, or been evicted, if the incumbrance is a mortgage, *Griggs* v. *D. & M. R. R.*, 10 Mich., 124; *D. & M. R. R.* v. *Griggs*, 12 Mich., 50; *Cheney* v. *City Nat. Bank*, 77 Ill., 562; covenants of seizin and against incumbrances run with the land and are broken when substantial damages accrue, 3 Washb. R. P. [3d ed.], 346; *Backus* v. *McCoy*, 3 Ohio, 211; *Devore* v. *Sunderland*, 17 Ohio, 55; *M'Crady* v. *Brisbane*, 1 N. & McC., 104; *Sprague* v. *Baker*, 17 Mass., 586; *McConnel* v. *Kibbe*, 33 Ill., 180; but see *Eaton* v. *Lyman*, 30 Wis., 41.

COOLEY, J. The claim upon which the defendant in error recovered judgment against the estate of Theodore J. Campau, in the circuit court, was for damages for the breach of a covenant against encumbrances. The deed containing the covenant bears date December 19, 1866, and was made to defendant in error by Theodore J. Campau and a number of others, who severally owned undivided interests in the land. The only covenant in the deed was the following: "And the said parties of the first part for themselves, heirs, executors and administrators, do covenant, grant, bargain and agree to and with the said party of the second part, his heirs and assigns, that they, the said parties of the first part, have not heretofore done, committed, or wittingly or willingly suffered to be done or committed any act matter or thing whatsoever whereby the premises hereby granted or any part thereof is, are or shall or may be charged encumbered in title or estate or otherwise."

It appears that on the twenty-sixth day of March, 1866, the interest of Theodore J. Campau in the lands described in the deed, which was an undivided one-ninth,

had been sold on execution and bid in by Godfrey, Dean & Brow, plaintiffs in a judgment against him, and that Theodore failed to redeem from this sale, though he made an ineffectual attempt to do so. The title under the execution sale passed by transfer to Milton H. Butler, who in 1872 brought suit in ejectment to recover possession, and after some five years of closely contested litigation, which was defended by Daniel at the request of Theodore, the plaintiff recovered judgment. When the litigation was concluded, Daniel bought up the title of Butler, paying therefor over $7000, which was about one-ninth the value of the whole land at the time the deed to Daniel was given.

Theodore J. Campau died intestate in 1875, and letters of administration were issued on his estate on the thirtieth day of April of that year. Commissioners were appointed to hear and report upon claims against the estate, and they made their report before the Butler litigation was closed. The claimant, after purchasing from Butler, petitioned the probate court that the commission be revived for the hearing of this claim, and August 18, 1878, the prayer of his petition was granted. The claim was then presented to and heard by the commissioners, who disallowed it, and the claimant then appealed to the circuit court. In that court he had judgment in his favor.

From the foregoing statement of facts it appears that the interest of Theodore J. Campau in the lands conveyed to the claimant was, at the time of conveyance, encumbered by the execution sale, the right to redeem from which had not then expired. It is not disputed that this created a liability against Theodore on his covenant. It is contended, however, that his covenant was broken as soon as made, and that the remedy to recover damages for the breach was lost by the failure to institute suit, or to present the claim within the time limited by statute.

Under the statute a suit upon covenant must be brought within ten years after the right accrues. Comp. L., § 7154. A special provision is made for the case of a party dying before the time has expired (Comp. L., § 7157), but it would not affect the present suit. The ten years from the delivery of the deed was fully complete and ended before the petition was presented for the revival of the commission to hear this claim, and no exception to the statutory bar can relieve this case if the right of action is to be deemed to have accrued at the giving of the deed.

If this were a case of first impression, there would seem to be no difficulty in disposing of it in a way that would do justice between the parties. As the terms of the covenant sued upon were falsified by facts existing at the time, a technical breach may be said to have then taken place; but as no damage followed from this breach, until the claimant purchased from Butler more than ten years afterwards, the rule that the claimant's right of action shall be deemed to have arisen at the delivery of the deed involves this manifest absurdity; that the claimant's remedy was barred before he was damnified; a result that can scarcely be consistent with any just or proper rule of law.

It is commonly said that a covenant against encumbrances is broken when made, if ever, (*Smith v. Lloyd,* 29 Mich., 382); and this is true in the sense that the promise always relates to an existing condition of things, and is falsified then if it ever is. But if the damage do not then result, it is misleading and mischievous to treat this mere technical breach as constituting the plaintiff's cause of action.

If all encumbrances were the same in nature, and might be got rid of at the pleasure of the owner of the property encumbered, there would be no difficulty and no wrong in applying to all the same rule. But anything is an encumbrance which constitutes a burden upon the title; a right of way, *Clark v. Swift,* 3 Met.,

392; a condition which may work a forfeiture of the estate, *Jenks v. Ward*, 4 Met., 412; a right to take off timber, *Cathcart v. Bowman*, 5 Penn. St., 317; a right of dower, whether assigned or unassigned, *Runnells v. Webber*, 59 Me., 488. In short, "every right to, or interest in the land, to the diminution of the value of the land, but consistent with the passage of the fee by the conveyance." *Prescott v. Trueman*, 4 Mass., 627, 630. Some of these are permanent in their nature, and incapable of being removed at the option of the covenantee; they permanently reduce the value of the title conveyed; and this as much at the time of the conveyance as at any future time; and it is therefore reasonable to hold that the covenant against them is broken at once and finally. The covenantee may at once proceed to recover full damages. But when the covenant consists of a money charge, capable of being removed at some time, but which has as yet caused no loss to the covenantee, the doctrine that because the promise of the covenant is technically broken by the existence of the encumbrance, must often in its application prove a denial of justice.

All proper and lawful contracts of parties are made for a substantial purpose, and must be interpreted and construed so as to accomplish that purpose. To this end it is necessary that the law should afford appropriate and effectual remedies. When it is held that a covenant against encumbrances is broken at once, and that, to use the language of one court "a second supposed breach is as futile as the imaginary unbroken existence of a thing dashed in pieces" (*Mitchell v. Warner*, 5 Conn., 497) the logical result is that, in the case of a money charge not paid off, the covenantee has a right of action but can recover nominal damages only. But nominal damages are given in such case on the express ground that on a technical breach of the contract no damages are suffered, *Wyman v. Ballard*, 12 Mass., 304; *Tufts v. Adams*, 8 Pick., 547; *Delavergne v. Norris*, 7 Johns., 358; and thus the action is allowed to

proceed for the nominal redress of a wrong when the
injury, if any, is confessedly not yet suffered, and may
never be.    It is somewhat difficult to reconcile this with
the general rules of legal redress, and much more diffi-
cult to understand how it conforms to substantial justice.

The elements of a cause of action are, *first*, a breach
of duty owing by one person to another; and *second*, a
damage resulting to the other from the breach.    Dam-
age, where no duty is violated, is *damnum absque injuria;*
a neglect of duty, where no loss occurs, is equally inca-
pable of giving a right of action.    *Waterer v. Freeman*,
Hob., 266.    Every man owes to his surety the obliga-
tion to pay the debt when due, but the failure supports
no action till the surety is damnified.    There are some
cases in which the award of merely nominal damages is
perfectly consistent with this rule, either because the
party has other substantial redress, or because the nom-
inal damages cover all that are suffered, and answer as
a preventive by way of warning against further injury.
An example of the first class is where a plaintiff in
replevin, after obtaining his property, and establishing
his title, obtains only nominal damages.    Examples of
the second class are had in cases of technical trespass
for distinct invasions of right, and where the award of
costs has its effect by way of warning, and the judg-
ment itself may establish a right before in dispute.    But
to give an action for nominal damages upon a covenant
which was intended to accomplish a substantial protec-
tion, is to confuse all sound ideas of legal remedy.    It
gives no substantial redress; it establishes no right for
future protection; it cannot operate by way of warning;
and it taxes the public, and taxes the time and attention
of courts in enforcing an injury which as yet exists only
in imagination, and may never ripen into substantial
wrong.    It is idle to call that a remedy which redresses
nothing, but leaves the real injury in existence as before,
threatening to inflict the same damage and in the same
way.    The reason for maintaining such an action is

well expressed in one case. "Technical rules," it is said, "and rules as to the forms of proceedings, must be observed, without regard to the consequences which may follow in particular cases; otherwise, the stability of judicial decisions, and the certainty of the law, cannot be preserved." *Clark v. Swift*, 3 Met., 390, 395. But when technical rules only result in injustice, it is well to consider whether others, equally consistent with certainty in the law, and more consonant to equity, may not be recognized.

It is not, however, in the award of merely nominal damages that the anomaly of the doctrine of present breach of this covenant appears; for this is perfectly consistent with justice if it be also held that whenever substantial damages are suffered there is a new breach for which substantial redress may be had. The money charge, for example, may be one payable many years hence; if now when it falls due and the covenantee pays it off, he may recover as for a new breach, what he is thus compelled to pay for his own protection, the contract is enforced according to its manifest intent. If the incumbrance is payable in installments, there would under such a rule be as many successive breaches of the covenant as there would be of the promise to pay the debt constituting the encumbrance.. But this, it is said, would make the covenant against encumbrances run with the land; and as the covenant is broken at once, so as to become a right of action, it would be inconsistent with the common-law rule that *choses in action* are not assignable.

A covenant may be said to run with the land when its purpose is to give future protection to the title which the deed containing the covenant undertook to convey, and it does not run with the land when its whole force is spent in giving assurance against something which immediately affects the title and causes present damage. Tested by this rule a covenant against an encumbrance which consists in a right of way would not run with the

land; but a covenant against a money charge must attach itself to the title conveyed and accompany it, not only for the protection of the covenantee, but for the protection of any of his assigns whom the encumbrance may eventually damnify. *Foote v. Burnet,* 10 Ohio, 332; *Knadler v. Sharp,* 36 Iowa, 232; *Richard v. Bent,* 59 Ill., 38. It is only by thus distinguishing between encumbrances that the covenant can have reasonable effect in all cases, and when the courts thus discriminate there is no difficulty in giving substantial redress under definite and inflexible rules of law. When the law can be just and also certain there is no reason why an unjust certainty should be perpetuated.

There has been in this case no transfer of the title by the covenantee, and the question whether a remote grantee may sue on the covenant may be said for that reason not to be involved. But the substantial controversy in the case relates to the question whether the breach is to be considered as occurring when the promise is first broken, or as in case of a promise of indemnity, which the covenant closely resembles, it is to be referred to the time when the damage is suffered. If the latter is the case, the covenant must be deemed to attach to the title. It was never doubted that the covenantee might sue as for his substantial grievance for the recovery of what he may have paid to relieve the title of the encumbrance; but this it was said he must do within the period allowed by the statute of limitations; the payment not giving a new right of action, but only showing damage from the breach previously existing. But the purpose of the statute of limitations is, to compel parties to bring their actions within a reasonable time; and it can never be held that a party is guilty of *laches* in delaying suit until he is damnified. The doctrine that the statute shall run from the technical breach makes the covenant in many cases a mockery. If the encumbrance consists of a mortgage having many years to run, the covenantee has no legal right to pay it off

until it falls due, and the fiction of a right of present action would defeat substantial redress. I am of opinion that the better and only just rule is, that a right of action accrues when substantial damage is suffered, and that there may be successive breaches when, by successive acts or occurrences damage is from time to time suffered as a consequence of the encumbrance.

I am aware that this view is opposed to a decided current of American authority, and in most cases this fact should be conclusive against its adoption. But it not only appears to me sound in principle, but it is supported by adjudications in several neighboring States. The decisions in Ohio, Illinois and Iowa, above cited, are very clear and decided, and they find support in others in Missouri and Indiana, to which counsel have referred.

So far I have expressed my own views, and have not spoken for any one else. My brethren think that the broad question I have discussed is not involved. They are of opinion that the covenant is special, and that it looks to the future, and promises indemnity for damages that may at any time in the future result from the breach. In this view it is immaterial whether the ordinary covenant against encumbrances would or would not be broken finally, if at all, at the delivery of the deed containing it. My brethren also think that under the evidence, which shows that the Butler suit was defended at the request of Theodore, the claimant was entitled to recover what was paid as money paid to Theodore's use.

The judgment must be affirmed with costs.

The other Justices concurred.