## Richmond.

### FERGUSON & HUTTER v. THE GROTTOES COMPANY.

#### DECEMBER 5, 1895.

1. COMMON LAW ACTION—*Venue—Case at Bar.*—If a corporation, at its home office, employs an agent to sell its stock, and subsequently informs its agent by telegram, in answer to a telegram from him, that it has no more stock for sale, but that he can continue to sell stock in conjunction with another, who had an option on all the stock left, and divide commissions with him, and the agent does proceed to make sales, this is not a new contract, but a modification of the original agreement, and an action to recover commissions on stock sold before and after the said telegram must be brought within the jurisdiction of the home office, and cannot be maintained in the jurisdiction where the telegram was received by such agent.

Error to a judgment of the Corporation Court of Lynchburg, rendered March 31, 1892, in an action of *assumpsit*, wherein the plaintiffs in error were the plaintiffs, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*A. H. Burroughs,* for the plaintiffs in error.

There was no counsel for the defendant in error.

HARRISON, J., delivered the opinion of the court.

In August, 1890, the Grottoes Company engaged T. B. Fer-

guson, as agent, to secure subscribers and sell its stock in Lynchburg and elsewhere, and agreed to pay him therefor ten per cent. commissions. This contract was made at Shendun, Rockingham county, Va., that being the place of the principal office of the company.

This action was brought in the Corporation Court of the city of Lynchburg, by the plaintiffs in error, as assignees of Ferguson, against the defendant in error, to recover certain commissions claimed to be due for stock sold by their assignor. The defendant in error appeared by counsel and pleaded to the jurisdiction, alleging in its plea that the cause of action did not, nor did any part thereof, arise in the city of Lynchburg, but that the cause of action arose within the county of Rockingham, where, at the time of issuing the writ in the cause, the principal office of the defendant company was kept; and that neither its president, nor any of its officers, resided in the city of Lynchburg. The parties demanding it, a jury was sworn to try the issue joined upon the defendant's plea to the jurisdiction, and, after the evidence had been concluded, rendered a verdict in favor of the defendant.

The plaintiffs in error complain of the following instruction given to the jury at the defendant's request: "If the jury believe from the evidence that the plaintiffs and the defendant entered into a contract in the county of Rockingham, Va., whereby plaintiffs were to canvass for and take subscriptions to the stock of the company and wherever the plaintiffs desired, in consideration of a commission on such subscriptions, to be paid by the company in stock of the company, or cash, without any express agreement as to where such payment or delivery was to be made, and further believe that the only office of the defendant is in Rockingham county, Virginia, the jury are instructed to find for the defendant."

This instruction is addressed to the contract in evidence,

and asks a response from the jury upon the question of fact as to where the contract was made. It is founded on evidence before the jury which certainly tended to prove that the contract was made in Rockingham, and was therefore properly given.

It appears from the facts certified that the agent, Ferguson, who had made two sales of stock, telegraphed the company on the 11th of September, 1890, to know whether or not he should sell more stock, and how much more. On the same day the company replied in a telegram sent from Shendun to Lynchburg, saying: " Only stock left optioned to one agent some weeks ago, who will only divide commissions. Sales of the 9th and thereafter only pay five per cent. You can continue to sell in Lynchburg by new arrangement with Sampson, on this basis. You will have to work actively."

There is no evidence in the record that Ferguson made any reply to this telegram. It does appear that he went on and sold more stock, and reported his sales to the company. This action is to recover the commissions on all the sales—those before and after the telegram quoted. It is insisted that this telegram is evidence of a new contract, and, being sent by the company from Shendun and received by the agent in Lynchburg, makes it a Lynchburg contract, entitling the plaintiff in error to sue there.

We think the evidence fully sustains the jury in their view that the cause of action arose in Rockingham county, and no part thereof in Lynchburg. The telegram did not constitute a new contract; it was only a modification of the original understanding. It informed the agent, in answer to his own question, that the company had no more stock for sale, but that he could continue to sell in conjunction with another, who had an option on all the stock left, and divide commissions with him. And further, if the telegram was held to contain the terms of a new contract, it should have been

promptly accepted by telegram, in order to make it a complete and binding agreement.

Upon the whole case, we see no error in the judgment complained of, and it is affirmed.

*Affirmed.*