# CHARLESTON.

HARRY P. JONES v. MAIN ISLAND CREEK COAL COMPANY.

Submitted May 13, 1919.   Decided May 20, 1919

1. VENUE—*"Cause of Action"*—*Statute*.

    A cause of action within the meaning of § 2 of ch. 123 of the Code consists of a duty upon the part of one toward another, and the violation or breach of that duty. (p. 247).

2. SAME—*West Virginia Circuit Court—Jurisdiction—Statute*.

    Under the provisions of § 2 of ch. 123 of the Code the circuit court of any county in which either the defendant's duty to the plaintiff was brought into existence, or in which his breach of duty occurs, has jurisdiction of a suit to recover because thereof. (p. 247).

3. PAYMENT—*Place—Residence of Creditor*.

    In the absence of an agreement to the contrary the place of the residence of the creditor is the place of payment of a debt. It is the duty of the debtor to seek his creditor and make payment to him. (248).

4. VENUE—*Residence of Parties—Place of Contract—Jurisdiction*.

    The circuit court of the county in which a contract is made, by which an obligation is imposed upon one of the parties thereto to purchase certain property of the other, has jurisdiction to entertain a suit to recover for the failure to pay for such property, notwithstanding neither of the parties resides in such county at the time of the institution of such suit. (p. 284).

84 W. Va.

5. SAME—*Final Installment of Purchase Price—Recovery—Jurisdiction.*

Where by a contract one purchased from another certain property to be paid for in instalments due at certain specified times, and a sufficient amount is paid thereon to meet all of such instalments except the last thereof, the circuit court of the county wherein the creditor resides at the time such last instalment falls due has jurisdiction to entertain a suit for the recovery thereof. (p. 248).

6. SAME—*County Other than that of Defendant's Residence—Summons—Process.*

Where, however, a suit is brought in a county in which the defendant does not reside, upon the ground that the cause of action, or some part thereof, arose therein, process must be served upon the defendant in such county, if he is a natural person. If the defendant be a corporation, the summons may be executed upon it in any county in the state. (p. 248).

Error to Circuit Court, Cabell County.

Assumpsit by Harry P. Jones against the Main Island Creek Coal Company. Issue on plea in abatement submitted to court upon an agreed statement of facts, and judgment for defendant, and plaintiff brings error.

*Reversed and remanded.*

*Sims & Staker,* for plaintiff in error.

*Campbell, Brown & Davis,* for defendant in error.

RITZ, JUDGE:

The plaintiff declared on the common counts in assumpsit in the circuit court of Cabell county. The defendant filed a plea in abatement to the jurisdiction, in which it averred that it is a corporation organized and existing under the laws of the State of West Virginia engaged in the business of mining coal in the county of Logan; that its principal office, place of business, and chief works are in that county, and not in the county of Cabell; and that neither its president nor other chief officer resides in said county of Cabell; and further that the cause of action sued for, nor any part thereof, arose within said county of Cabell, but that the same and

every part thereof arose in the county of Logan. The issue made on this plea was submitted to the court in lieu of a jury upon an agreed statement of facts.

From this agreed statement of facts it appears that on the 3rd of June, 1916, the defendant Main Island Creek Coal Company entered into a contract with the plaintiff H. P. Jones, by which it was agreed that said Jones should turn over to the coal company certain shares of stock owned by him in the Jones-Parsons Coal Company, and the said company agreed to employ said Jones as president and general manager of said company, at a salary of $250.00 per month, and if his services should prove unsatisfactory to the defendant, then the said defendant agreed to purchase the stock of said Jones for the sum of $21,000.00, $9,000.00 to be paid in cash, and the balance in six equal installments, evidenced by six notes payable in three, six, nine, twelve, fifteen and eighteen months. This agreement was made in the county of Cabell. Pursuant to it plaintiff Jones was employed as general manager, and his services not proving satisfactory, he was discharged, and the defendant acquired his stock under the terms of the contract. At the time he was so relieved from his duties as general manager he was living at Logan in Logan county. The company paid the cash payment to the said Jones, as provided in the contract, but did not give the notes for the deferred payments, as therein provided. After Jones was relieved as general manager he removed to the county of Boone, and resided there until October or November, 1917, when he removed to the county of Cabell, where he continued to reside at the time of the institution of this suit. Several payments were made on account of the purchase of the stock, one at Charleston, in the county of Kanawha, one at Huntington, in the county of Cabell, and the other sent by mail. On the 5th of September, 1916, in the county of Kanawha, the defendant paid to Jones the sum of $10,940.51, which it contended was in full payment of the balance that it owed. Jones declined to receive this as such full payment, but contended that the defendant still owed him a balance upon account of the purchase of the stock, which is the

amount involved in this suit. At this time Jones was residing in Boone county. Shortly thereafter, to-wit, in the month of October or November, 1917, Jones removed to the city of Huntington in the county of Cabell, where he was residing at the time of the institution of this suit. It is contended by the plaintiff that the circuit court of Cabell county has jurisdiction of this action under § 2 of ch. 123 of the Code, which provides that an action may be brought in any county wherein the cause of action, or any part thereof arose, although none of the defendants may reside therein. It will be observed that the contract in this case under the agreed statement of facts was made in Cabell county, West Virginia. The amount sued for, which it is claimed is the balance due on that contract, is the sum of $1059. 49. It will be further observed that under the terms of the contract $9,000.00 was to be paid in cash, and the balance, $12,000.00, in six equal installments, the last thereof falling due eighteen months from the date of said contract, which would make it on the third of December, 1917. The defendant argues that the cause of action did not arise in Cabell county; that while it is true the contract was made in Cabell county, still the obligation to take the stock did not arise until it had removed Jones as general manager, which it had a right to do, and that this was done in Logan county where Jones at that time was residing; and its further contention is that when it refused to make further payment Jones was residing in the county of Boone. A cause of action may ordinarily be said to consist of an obligation upon the part of one to another, and the breach or failure to perform that obligation in accordance with its terms. This section of the statute, as was said in the case of *Harvey* v. *Parkersburg Insurance Company*, 37 W. Va. 272, recognizes that a cause of action may and in most cases does consist of more than one element. The inception of it is the contract or undertaking to do or perform a particular thing. The completion of it is the failure or refusal to do that thing at the time appointed. It is quite clear that the statute uses this language in order to confer the jurisdiction in any county in which either of these ele-

ments arises. The defendant's argument that the contract which made it incumbent upon it to take this stock was not made in Cabell county is not well founded. The only contract that it had which imposed any obligation upon it to take the stock was made in the county of Cabell, according to the agreed statement of facts upon which the issue was tried. It is true this agreement did not provide unequivocally for the purchase of the stock, but it did impose upon the defendant the obligation to purchase it in case it did not retain the plaintiff as general manager at a salary of $250.00 a month. The very minute it dispensed with his services as such general manager the obligation of the contract to purchase the stock became binding, and it is by its terms that the defendant became the owner of the stock. Its obligation to the plaintiff is measured by the contract entered into at Huntington. :

But suppose this were not true, and the jurisdiction depended upon the element of the defendant's failure to pay the amount claimed at the time it should have paid the same. As before stated, the balance of $12,000.00 of this purchase money was to be paid in six installments, the last of the same being due in December, 1917. It has been held with practical uniformity that it is the duty of a debtor to seek his creditor and pay him his debt, and that the residence of the creditor at the time the debt is due and the defendant fails to pay it is the place of the breach of the contract. *Danser* v. *Dorr,* 72 W. Va. 430. Now it appears that at the time the last payment of $2,000.00 fell due Jones was a resident of Cabell county, having moved there in October or November, 1917. It is true the defendant denied that it owed any more than it had already paid, but this cannot change the fact that the last payment was not due earlier than December, and Jones could not have maintained a suit to recover it until that time. There was no failure to pay as to any of the installments except the last, wherefore there could be no breach until this installment became payable under the terms of the contract. It appears therefore from the agreed statement of facts in this case that not only the contract and obli-

gation which the defendant took upon itself to purchase this stock was made in Cabell county, but that likewise the breach of this contract, by its failure to make the last payment thereof, also occurred there, wherefore the circuit court of that county has jurisdiction to entertain the suit.

Our order will reverse the judgment, find for the plaintiff upon the plea in abatement, render judgment accordingly, and remand the cause for trial upon the merits.

*Reversed and remanded.*