CONSERVATIVE LIFE INSURANCE COMPANY *v.* HONORABLE A. S. ALEXANDER, *Judge of the Common Pleas Court of Kanawha County,* and JOHN J. ALESSANDRINI, *doing business as Charleston Tile & Marble Works*

(No. 7743)

Submitted November 9, 1933. Decided December 12, 1933.

*Warren F. Morris,* for petitioner.
*Owen, Silverstein & Davis,* for respondents.

LITZ, JUDGE:

Relator, Conservative Life Insurance Company, a corporation, seeks a writ of prohibition against the Honorable A. S. Alexander, Judge of the Common Pleas Court of Kanawha County, inhibiting him from entertaining jurisdiction of an action appealed from a justice.

Respondent, John J. Alessandrini, trading and doing business as the Charleston Tile & Marble Works, instituted the action against relator before a justice of the peace in Kanawha County April 7, 1933, for the recovery of $129.90 "due on contract."

Service of the summons, returnable April 21, 1933, was accepted by the Auditor of the State on behalf of the insurance company by endorsing thereon: "Service of this process accepted at my office in Charleston, State of West Virginia, on the 7th day of April, 1933, on behalf of the Conservative Life Insurance Company, a foreign corporation, which has been authorized to do business in this state in accordance with the provisions of Chapter 31, Art. 1, Sec. 71, of the Code of West Virginia. Edgar B. Sims, Auditor of West Virginia."

The trial of the action was continued on the return day to April 28th and from the latter date to May 5th. It does not appear, however, at whose instance or for what cause either

continuance was ordered. On May 5th the insurance company filed before the justice the affidavit of its secretary alleging that it was a domestic corporation; that the contract sued upon was consummated in its home office at Wheeling; that all payments by the company to Alessandrini and the correspondence from it to him in connection with the contract were mailed directly from its home office at Wheeling; and that the work provided for in the contract was performed by Alessandrini in Harrison County.

Thereupon, the justice entered judgment in favor of Alessandrini for the full amount of his claim, after hearing the evidence of both parties. Having appealed from the judgment of the justice to the common pleas court of Kanawha County, the insurance company now seeks a writ of prohibition from this Court inhibiting the judge of the common pleas court from proceeding with a trial of the action.

The petition of relator re-states the facts contained in the affidavit of its secretary, filed before the justice, and alleges further that "at the time of the hearing before the justice" and before the judgment was rendered it "appeared specially", filed the affidavit, and moved to dismiss the action because the justice did not have jurisdiction of the subject matter. The answer of respondent Alessandrini admits that the relator appeared specially as alleged in the petition, but avers that the previous continuances had been ordered by the justice at the instance of the insurance company, and that all payments by the company to him, under the contract, had been made in Charleston where he resided and where it also maintained an office. There is no proof to support the allegation of the petition that payments under the contract had been made direct from the home office of relator at Wheeling, or the allegations of the answer that the insurance company had secured the continuances before the justice or that Alessandrini is a resident of Kanawha County. "The civil jurisdiction of a justice shall not extend to any action unless the cause of action arose in his county, or the defendant, or one of the defendants, resides therein, or being a non-resident of the State is found, or has property or effects, within the county; or being a corporation has its principal office in the county, or its mayor, president or other chief

officer resides therein.'' Code 1931, 50-2-4. In an action for breach of a contract to pay money, the cause of action ordinarily arises where the creditor resides. ''As a general rule, in the absence of any agreement or stipulation to the contrary, a debt is payable at the place where the creditor resides, or at his place of business, if he has one, or wherever else he may be found; and it is ordinarily the duty of the debtor to seek the creditor for the purpose of making payment, provided the creditor is within the state of his residence when the payment is due, unless otherwise provided by statute.'' 48 C. J. 592. ''The debtor, unless it be otherwise provided, must, in order to make payment, seek the creditor; and, as against an insurance company sued in the county where the creditor resides, the cause of action, within the meaning of the statute, arises in such county.'' *Harvey* v. *Parkersburg Insurance Company*, 37 W. Va. 272, 16 S. E. 580, 583. In the opinion, written by Judge Holt, it is stated: ''But taking the cause of action in this case as the breach of defendant's duty to pay, then such cause of action arose at some time and place, and as it was the duty of the insurance company to seek the plaintiff, its creditor, where she resided in the county of Putnam, and pay the damages when the time to pay came, the cause of action must have arisen then and there, within the meaning of the statute.'' The same rule is followed in *Danser* v. *Dorr*, 72 W. Va. 430, 78 S. E. 367, and *Jones* v. *Main Island Creek Coal Company*, 84 W. Va. 245, 99 S. E. 462. Although there is no proof that the creditor in this case lived in Kanawha County where the action was brought, the law presumes in the absence of proof that the justice exercised lawful jurisdiction. ''A presumption exists that the action of the inferior court was correct and within the scope of its authority, nor can it be presumed that the subordinate court will act erroneously in the future. So, grounds for the writ will not be assumed, but rather, facts not negatived by the record will be presumed in aid of the lower court.'' 50 C. J. 706.

The writ is, therefore, refused.

*Writ denied.*