Albert C. Eichelberger and Clara E. Eichelberger, Appellees, v. William Homerding and Loretta Homerding, Appellants.

Gen. No. 9,817.

Opinion filed December 22, 1942.

FRANCIS A. DUNN, of Joliet, for appellants.

OSCAR R. LARAWAY and ROBERT E. HIGGINS, both of Joliet, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

The plaintiffs, Albert C. Eichelberger and Clara E. Eichelberger, the appellees in this appeal, filed a complaint in which they alleged that on the 10th day of May, 1930, the defendants, William Homerding and Loretta Homerding, for a valuable consideration, namely, $1,350, conveyed by warranty deed, in fee simple, a certain piece of property described as lot 4 in block 11 in the city of Lockport, Will county, Illinois; that the defendants warranted that this property was free and clear of all encumbrances, but as a matter of fact on that day there were some encumbrances in the form of special assessments, warrants numbered 760 upon which was due $295.72, and on warrant 761, $231.59, was due making a total of $527.37, and that

this amount also includes the interest thereon from the time due until the same was paid, which payment the complaint alleges was made on the 2nd day of December, 1941.

The defendants in their answer admitted that they executed a warranty deed on May 10, 1930, and that they by so doing warranted that the premises were free and clear of encumbrances. In the answer the defendants denied that the plaintiffs were required to remove any encumbrances, nor that they had removed any encumbrances. The defendants further stated that by way of defense the cause of action, if any, being taken by the plaintiffs was barred by the statute of limitations inasmuch as ten years have already elapsed since the action accrued, and asked that the complaint be dismissed.

The plaintiffs filed a replication to the defendants' answer alleging that the case was not barred by the statute of limitations because they had commenced their action within ten years after removing the encumbrance. Subsequent to these pleadings and just before trial, a stipulation was entered into whereby it was agreed by the parties: "1. That on May 10, 1930, the real estate in question was subject to the lien of unpaid instalments Numbering from five to ten, inclusive, under the City of Lockport Special Assessments, Warrants Numbers 760 and 761, together with interest thereon from January 1, 1925, and that said instalments were valid and subsisting liens and encumbrances against the heretofore described real estate.

"An additional stipulation was entered into in open court, at which time it was stipulated that on the 2nd day of December, 1941, $295.72 plaintiff paid on Warrant No. 760 and $231.59 on Warrant 761." The court heard the matter on the 21st day of April, 1942, and the issues were found in favor of the plaintiff and against the defendant. Damages of the plaintiff were assessed at $527.31 together with costs. It is from this judgment that an appeal is prosecuted to this court.

The appellants insist that the judgment is erroneous because the statute of limitations requires that an action on a written contract be commenced within ten years from the time the breach occurred, and that the covenants in a deed that the land is free from encumbrances, as well as covenants of seizin and right to convey, are personal covenants not running with the land. If broken at all, they are broken when the deed is delivered, ánd that such covenants, as the land is free from encumbrances, are "in praesenti" and broken, if at all, the moment such a covenant is made. The appellants cite several Illinois authorities which on their face appear to support their contention. An examination of those cases discloses that the questions presented to the court for a decision, were not the same as presented in this case. The language used in *Firebaugh v. Wittenberg,* 309 Ill. 536 at page 543, that "Covenants of seizin and right to convey and that the land is free from encumbrances are personal covenants, not running with the land," is purely *dictum,* as the question was not raised at all in the case. In the *Firebaugh* case, Wittenberg had entered into a written contract to sell certain real estate to Firebaugh and deliver to him a deed conveying a merchantable title. Wittenberg was a married man and his wife did not sign the contract. His wife refused to sign the deed and he tendered a deed to Firebaugh signed by himself. The question in the case was whether such a deed conveyed a merchantable title, and under said circumstances would the tender of such a deed, be a compliance with the contract. In the case of *Richard v. Bent,* 59 Ill. 38, Richard conveyed land to one, Freeman, by warranty deed and Freeman conveyed it to Bent. After Bent had purchased it from Freeman, it was discovered that there were back taxes due on the premises, which Bent had to pay to clear the title. The suit was by Bent against Richards for the damage he sustained because of the payment of said taxes. The main question involved was whether Bent could main-

tain the action, as it was claimed this was a "chose in action," and not assignable, and did not run with the land. The court, in this case held, that although according to the strict letter of the law the covenant against encumbrances was broken immediately on the delivery of the deed from Richard to Freeman, yet, as the latter never removed the encumbrances, nor suffered any damage therefrom, the right of action for the breach of the covenant passed to and vested in his grantee who sustained the whole actual damages by paying the taxes and removing the encumbrances.

This case was cited with approval in *Post v. Campau,* 42 Mich. 90, 3 N. W. 272. On page 276 of the opinion, we find this language: "A covenant may be said to run with the land when its purpose is to give future protection to the title which the deed containing the covenant undertook to convey, and it does not run with the land when its whole force is spent in giving assurance against something which immediately affects the title and causes present damage. Tested by this rule a covenant against an encumbrance; which consists in a right of way, would not run with the land; but a covenant against a money charge must attach itself to the title conveyed, and accompany it, not only for the protection of the covenantee, but for the protection of any of his assigns, whom the encumbrance may eventually damnify. *Foote v. Bennett,* 10 Ohio 332; *Knadler v. Sharp,* 36 Iowa 232; *Richards v. Burt,* 56 Ill. 38. It is only by thus distinguishing between encumbrances that the covenant can have reasonable effect in all cases, and, when the courts thus discriminate, there is no difficulty in giving substantial redress under definite and inflexible rules of law. When the law can be just and also certain, there is no reason why an unjust certainty should be perpetuated."

A similar question was before this court in *Dalton v. Taliaferro,* 101 Ill. App. 592. The court speaking through Justice Dibel on page 597 said: "The text

books announce the general rule that covenants against incumbrances are broken as soon as made, if at all, and are therefore personal and do not run with the land; and such is the law in most of the States, and no doubt such is the law in Illinois where the incumbrance is of the nature of an easement or right of way in or over the land covenanted to be free from all incumbrances. But the Supreme Court of this State refused to adopt that doctrine so far as relates to incumbrances consisting of a money charge upon the land, such as a mortgage securing a debt, but as to such incumbrances held that such a covenant runs with the land. (*Richard v. Bent,* 59 Ill. 38.) It is there admitted that there is a technical breach of such a covenant when made, giving the covenantee a cause of action to recover nominal damages only, but it is held that he who removed the incumbrance, whether the immediate or remote grantee, has the substantial cause of action. If such covenant were, as to the original grantee, merely a personal covenant, then, being broken as soon as made, the statute of limitations would at once begin to run against the covenantee, and if he removed the incumbrance after the lapse of the time fixed by the statute of limitations, even though his delay was because the incumbrance had not matured earlier, he would be barred of relief upon the covenant. But it was held in *Post v. Campau,* 42 Mich. 90, in an instructive opinion by Cooley, J., in which *Richard v. Bent, supra,* is cited with approval, that the covenant against a money charge attaches itself to the title conveyed, and runs with the land, and therefore, even while it rests in the original covenantee, a right of action accrues when a substantial damage is suffered, as by the payment of the incumbrance, and that till that time the statute of limitations does not begin to run.''

It is our conclusion that the trial court properly held that the statute of limitations did not run against this

claim, and the grantor should reimburse the grantee for the money expended in removing the encumbrances upon the land.

The judgment of the trial court is hereby affirmed.

*Affirmed.*