GUYAN MOTORS, *Inc.*

*v.*

RUBEN WILLIAMS, *et al.*

(No. 10219)

Submitted January 11, 1950. Decided February 7, 1950.

GIVEN, JUDGE, not participating.

*Bailey, Worrell & Bailey,* for petitioner.

*Kingdon & Kingdon,* for defendants.

LOVINS, PRESIDENT:

. This is an original proceeding in prohibition, instituted by Guyan Motors, Incorporated, a West Virginia corporation having its principal office or place of business in Logan County, hereinafter designated as "petitioner," against Ruben Williams, hereinafter designated as "defendant," and the Honorable D. M. Easley, Judge of the Circuit Court of Wyoming County, West Virginia. A single but somewhat difficult question is presented: Did a part of the cause of action arise in Wyoming County in the following circumstances:

On November 20, 1948, defendant, a resident of Wyoming County, purchased from petitioner at its garage in Logan County, a Fraser automobile. On December 23, 1948, defendant, at the request of petitioner, delivered possession of such automobile to petitioner, who, for a valuable consideration, promised and agreed to "* * * * inspect, test, service and repair the steering mechanism of said automobile which was * * * in a condition of 'stiffness' but was not known * * * to be in a defective or dangerous condition * * *."

Notwithstanding the promise aforesaid, petitioner so negligently inspected, tested, serviced and repaired the steering mechanism of said automobile that the presence in said mechanism of hard and abrasive foreign substances was not discovered, nor were such foreign substances removed prior to the redelivery of said automobile to defendant. As a consequence of petitioner's failure to perform its promise, the steering mechanism of the automobile, while the same was being operated by defendant's wife in Wyoming County on January 13, 1949, locked and jammed so that the automobile was wrecked and totally demolished. Thereafter defendant instituted an action in assumpsit against petitioner in the Circuit Court of Wy-

oming County. The declaration therein filed, having alleged the foregoing facts, pleaded that defendant was damaged in the amount of five thousand dollars.

Contending that the contract was made and the breach thereof occurred in Logan County, petitioner filed a plea in abatement to the defendant's action, thus challenging the jurisdiction of the Circuit Court of Wyoming County. Defendant interposed his demurrer to such plea in abatement, on the theory that the occurrence of substantial damage is a part of the cause of action in assumpsit within the meaning of Code, 56-1-2, reading, in part, as follows: "An action * * * may be brought in any county wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein, in the following instances: (a) When the defendant, or if more than one defendant, one or more of the defendants, is a corporation * * *."

The demurrer having been sustained by the Circuit Court of Wyoming County, that court set the action in assumpsit for hearing. This proceeding, seeking to prohibit defendant from further prosecuting, and the Judge of said court from taking further cognizance of, the action, followed.

This proceeding is here on demurrer to the petition, in which the declaration filed by defendant in the action in assumpsit is set forth *in haec verba*. We therefore treat all facts well pleaded in said petition as being true, but we refrain from expressing any views upon the merits of the action in assumpsit.

This Court, in discussing the venue statute above referred to, has held that a cause of action generally consists of a duty owing by one person to another, and the violation or the breach of such duty. *Jones v. Coal Company*, 84 W. Va. 245, 99 S. E. 462; *Harvey v. Parkersburg Ins. Co.*, 37 W. Va. 272, 16 S. E. 580. See *Insurance Co. v. Alexander*, 114 W. Va. 451, 172 S. E. 520; *State v. Jarrett, J. P.*, 90 W. Va. 180, 110 S. E. 568. The holding of this Court in *Jones v. Coal Company, supra*, seems to accord with the

general rule in other jurisdictions. *State* v. *Risjord,* (Wis.), 229 N. W. 61; *Shelby Steel-Tool Co.* v. *Burgess Gun Co.,* 49 N. Y. S. 871; *Ferguson* v. *Grottoes Co.* (Va.), 23 S. E. 761.

In *State* v. *Jarrett, J. P., supra,* a comprehensive definition of a cause of action is quoted from the opinion of Cleasby, B, delivered in the case of *Durham* v. *Spence,* L..R. 6 Exch. 46, as follows:

> " 'Now the cause of action must have reference to some time as well as to some place; does then the consideration of the time when the cause of action arises, give us any assistance in determining the place where it arises? I think it does. The cause of action arises when that is not done which ought to have been done, or that is done which ought not to have been done. But the time when the cause of action arises, determines also the place where it arises; for when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises. I can not avoid the conclusion that a cause of action arises where that takes place which first makes a cause of action; the contract does not make a cause of action; but a cause of action does arise when and where the person who has entered into the contract does or omits to do that which gives a cause of action.' "

But the *Jones* and *Harvey* cases involved contracts for the payment of money, and the breach of such contract, or the failure of the debtor to pay the money in accordance with the contract, determined the amount of recovery. In the action in assumpsit here considered, the defendant waived the tort and sued in contract, alleging substantial damages, which accrued by reason of the upset of the automobile subsequent to, but resulting from, the breach. In that respect the case at bar is distinguishable from the *Jones* and *Harvey* cases.

This Court, in determining the elements of a cause of action which arose by reason of damage to real estate, has adopted a more general definition of a cause of action than that stated in the *Jones* and *Harvey* cases. In *Harrison* v. *McOwen,* 126 W. Va. 933, 30 S. E. 2d 740, this Court

held: "A personal right of action accrues to the owner of land that is deprived of lateral support when damage to his land results from the act of the defendant, and not when the act of the defendant takes place if that act does not then damage the land in question." The statute of limitations in an instance where the operation of a boom caused a deposit of sand which decreased the grinding capacity of a mill, began to run when the damage occurred and not when the boom was constructed. *Pickens* v. *Boom Company*, 66 W. Va. 10, 65 S. E. 865. Damage to land accrued when waste material was deposited on the land of a riparian owner, and not when such material was placed in the stream. *Day* v. *Coal & Coke Co.*, 60 W. Va. 27, 53 S. E. 776. Damage resulting from obstruction of a culvert by the construction of an embankment accrued when the water invaded the land of plaintiff, and not when the embankment was constructed. *Henry* v. *Ohio River R. Co.*, 40 W. Va 234, 241, 21 S. E. 863. See *Johnson* v. *Rouchleau-Ray Iron Land Co.*, (Minn.) 168 N. W. 1.

Similarly, this Court has held that a cause of action for malpractice against a physician or a dentist accrues when the wrongful act takes place, and not on the date when the treatment was commenced. *Neil* v. *Lumber Co.*, 78 W. Va. 235, 238, 88 S. E. 1090. See annotation 74 A. L. R. 1317.

Another species of a cause of action is discussed by Judge Cooley in the case of *Post* v. *Campau* (Mich.), 3 N. W. 272. The *Campau* case concerned the allowance of damages for the breach of a covenant against encumbrances. Judge Cooley, although speaking for himself only, cogently and convincingly argues that the right of action did not accrue until substantial damage was suffered from the encumbrance existing at the time the covenant was made. Although the opinion of Judge Cooley, strictly speaking, is not an authority, his views, because of the eminence of the writer, are persuasive. See *Wyatt* v. *Dunn* (Mo.), 2 S. W. 402.

The facts in the instant proceeding are not similar to the facts considered with respect to damage to real estate, injuries resulting from malpractice of physicians and den-

tists, or damage occasioned by the breach of a covenant against encumbrances. Nevertheless, we believe that the reasoning in those cases bears on the question whether the occurrence of substantial damage is a part of a cause of action. It is essential to aver damages in a special count in assumpsit. Burks Pleading and Practice, 3d Ed., pages 191, 193.

If the defendant in his action of assumpsit could not prove a duty but could prove damage, it would be *damnum absque injuria,* for which no recovery could be had. If he alleged and proved a duty and a breach thereof, without consequent loss, he likewise could not recover. *Parris* v. *Atlanta, K. & N. Ry. Co.* (Ga.), 57 S. E. 692.

We have found no case in this jurisdiction holding that the occurrence of damage is an integral part of a cause of action; but considering the holdings in the cases herein cited and the principles enunciated therein, we are constrained to the view that where there is a contract and breach thereof in one county, causing nominal damages, and substantial damage occurs subsequent to the breach in another county, that the cause of action, under Code, 56-1-2, may be maintained in either county. That being true, a part of the cause of action arose in Wyoming County and that county has jurisdiction of the action in assumpsit instituted by defendant against petitioner. Therefore the writ of prohibition prayed for is denied.

*Writb denied.*