584 S.E.2d 507

**ABSURE, INC., A West Virginia Corporation, Plaintiff Below, Appellee,**

v.

**Terry L. HUFFMAN and Lisa Huffman, Defendants Below, Appellants.**

No. 31061.

Supreme Court of Appeals of West Virginia.

Submitted May 20, 2003.

Decided June 19, 2003.

David J. Sims, Esq., Sims & McCoid, Wheeling, for Appellee.

Louis J. John, Esq., Joseph J. John, Esq., John Law Offices, Wheeling, for Appellants.

## PER CURIAM.

This is an appeal by Terry L. Huffman and Lisa Huffman from a summary judgment entered by the Circuit Court of Ohio County. The judgment awarded the appellee Absure, Inc., $741.42 on the ground that the appellants had been unjustly enriched by certain actions taken by Absure, Inc. On appeal, the appellants claim that the facts as developed failed to establish a basis for the award of summary judgment.

## I.

## FACTS

The appellee, Absure, Inc., is a real estate title company doing business in Ohio County, West Virginia. It is solely owned by David J. Sims, an attorney practicing in Ohio County.

In 1999, the appellants, Terry L. Huffman and Lisa Huffman, contracted to purchase a parcel of real estate located in Ohio County from Robert S. Salisbury and Geraldine Salisbury. To consummate the real estate transaction, the appellants arranged to purchase title insurance from the appellee, Absure, Inc.

On August 26, 1999, David Sims, acting for Absure, Inc., performed a preliminary examination of the title to the property which the appellants were purchasing.[1] That examina-

---

1. The appellants claim that there is a question of fact in this case as to whether Mr. Sims actually performed an examination. Mr. Sims in his de-

position indicated that Michelle Ferch actually did some of the "leg work," but that he, as an attorney, examined her notes and copies of docu-

tion revealed that certain real estate taxes had not been paid by the sellers, the Salisburys.

Approximately two weeks later, on September 15, 1999, Mr. Sims conducted a closing of the property transaction. At the closing, the Salisburys were charged $741.42 for the "unpaid" taxes revealed by the preliminary title examination.

About a month after the closing, the Salisburys, who had paid the taxes after the preliminary examination was completed, informed Mr. Sims that there had been an error. Mr. Sims, after looking into the matter, concluded that an error had, in fact, been made and requested that the appellants remit $741.42 to the Salisburys to correct the problem. The appellants refused to pay and, subsequently, Mr. Sims, acting for Absure, Inc. paid the Salisburys.

Subsequently, on February 9, 2001, Absure, Inc. instituted the present civil action against the appellants. In its complaint, Absure, Inc. took the position that the appellants owed it $741.42, and it prayed for reimbursement under the theory that the appellants had been unjustly enriched by what had occurred. The appellants filed an answer and a counterclaim in which they asserted that Mr. Sims, in acting for Absure, Inc., had incompetently performed the title examination.[2] Subsequently, discovery was conducted, and Absure, Inc. moved for summary judgment. On April 5, 2002, the Circuit Court of Ohio County conducted a hearing on the motion for summary judgment, and without taking testimony, the court granted Absure, Inc.'s motion and ordered that the appellants pay Absure, Inc.

In the present appeal, the appellants claim that the circuit court erred in entering summary judgment for Absure, Inc.

ments which she made in the course of assessing the title. In light of the discussion of the effect of *Taylor v. Godfrey*, 62 W.Va. 677, 59 S.E. 631 (1907), later in this opinion, the Court believes that nature of Mr. Sims' actual involvement is immaterial.

**2.** Specifically, the appellants charged Absure, Inc., with: (1) violation of the Fair Debt Collec-

## II.

## STANDARD OF REVIEW

■ In Syllabus Point 3 of *Aetna Casualty & Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), the Court stated that: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

■ Further, the Court stated in Syllabus Point 4 of *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996), that: "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*."

## III.

## DISCUSSION

■ An examination of the complaint filed in the present case shows that Absure, Inc., was seeking recovery of the $741.42 in issue under the equitable theory of restitution. As explained in *Prudential Insurance Company of America v. Couch*, 180 W.Va. 210, 376 S.E.2d 104 (1988), that theory allows one who has mistakenly paid money to a payee to recover it later on the ground that it would be inequitable and unjust for a person to be enriched by retaining money to which he had no valid claim when the money had been mistakenly tendered to him. Specifically, in Syllabus Point 4 of *Prudential Insurance Company of America v. Couch*, this Court ruled that: "It is generally recognized in the law of restitution that if one party pays money to another party (the payee) because of a mistake of fact that a contract or other

tion Practices Act, 15 U.S.C. 1692, *et seq.*; (2) breach of contract; (3) tort of outrage; (4) violation of the West Virginia Consumer Credit Protection Act, W. Va.Code 46A–6–102, *et seq.*; (5) breach of express and/or implied warranty; (6) common law tort of misrepresentation; (7) negligence; and (8) breach of fiduciary duty.

obligation required such payment, the party making the payment is entitled to repayment of the money from the payee."

■ In their answer to Absure's complaint, the appellants asserted that the complaint failed to state a claim upon which relief could be granted. On appeal, although they do not challenge the basic facts of the case,[3] the appellants argue that there is a question as to whether David Sims, acting for Absure, Inc., was negligent in examining the title and in failing to detect that the taxes had been paid. They essentially take the position that if he was, in fact, negligent, he was responsible for what occurred and his negligence should bar restitution under the theory of unjust enrichment. They also claim the question of his negligence was a question of material fact at the time the circuit court entered summary judgment and that summary judgment was, therefore, inappropriate.

As previously stated, in *Prudential Insurance Company of America v. Couch, id.,* the Court indicated to be entitled to equitable relief for unjust enrichment, a party must show that a payee received money to which he was not entitled and that the payment was the result of a mistake. In *Taylor v. Godfrey,* 62 W.Va. 677, 59 S.E. 631 (1907), the Court attempted to define the concept of mistake as that concept is involved in equitable matters. The Court stated that a mistake for which equity will give relief is defined as "some unintentional act, omission or error arising from unconsciousness, ignorance, forgetfulness, imposition or misplaced confidences." *Id.* at 683, 59 S.E. at 633.

■ A careful examination of this definition reveals that the fact that a person who is mistaken is imperfect does not automatically preclude the effect of the mistake in the equitable context. The person can be ignorant; he can be forgetful; he may even misplace his confidence. In equity, it is not

what caused the mistake which is operative, but rather the existence of the mistake. *Taylor v. Godfrey,* goes on to state that even if a mistake arises from negligence, the negligence does not of itself preclude the consideration of the mistake in the equitable context, provided the negligence has not adversely affected the opposing party. Specifically, in Syllabus Point 4 of *Taylor v. Godfrey,* the Court held: "Negligence may not of itself be sufficient to bar relief in equity on the ground of mistake, if the other party has not been prejudiced thereby."

In this Court's view, the *Taylor v. Godfrey* case indicates that the question of whether David Sims, acting for Absure, Inc., was negligent in performing the title examination is material to Absure's right to recover only if the appellants were prejudiced by the negligence.

A review of the record shows that the appellants suffered no injury as the result of any negligence by David Sims, acting for Absure, Inc., in examining the title. There is no evidence that the title which they received was defective, and there is no evidence that by requiring them to reimburse Absure, Inc., for the $741.42 the circuit court required them to pay a cent more than they previously had obliged themselves to pay under their contract with the Salisburys.

Since the appellants were plainly not prejudiced by the possible negligence of David Sims, acting for Absure, Inc., the Court believes that his negligence was not material to Absure's equitable right to recover and that the trial court did not err in proceeding to summary judgment without resolving it.

After reviewing the record, the Court, as has already been stated, believes that there is no question of fact that the Salisburys indirectly, improperly paid the appellants $741.42 at the time of the closing in issue and that, in effect, the appellants received and were unjustly enriched by that amount.[4] It

---

3. The appellants do not dispute that David J. Sims undertook to perform the title examination of the title or improperly charged the Salisburys, the sellers, for unpaid property taxes at the time of the closing. The amount of the property taxes, $741.42, is not disputed, nor is the fact that David Sims, acting for Absure, Inc., reimbursed the Salisburys.

4. Although the Salisburys did not directly pay the appellants, the appellants did receive a credit against the purchase price which, in this Court's view, was the functional equivalent of a payment.

also appears that the parties were mistaken that the amount was owed at the time. Regardless of whether the mistake was due to the negligence of David Sims or another of the parties, the essential elements for relief on the basis of unjust enrichment as set forth in *Prudential Insurance Company of America v. Couch, supra,* were present. Thus, the Court believes that the trial court properly entered summary judgment for Absure, Inc., on the clams in Absure's complaint.

In reaching this conclusion, the Court notes that the appellants also argue that Absure, Inc., was not the payee of the $741.42, and that it should not be allowed to claim unjust enrichment. In *Prudential Insurance Company of America v. Couch, supra,* the Court recognized that a third party connected with a transaction may seek restitution where there is unjust enrichment which resulted from the third party satisfying an obligation of the unjustly enriched party.

■ The Court also notes that the appellants in their counterclaim charged that Absure, Inc., had committed malpractice and in various other ways breached its duties to them, and that the circuit court erred in dismissing their counterclaim in conjunction with the grant of summary judgment for Absure, Inc. The fact that the possible negligence of Mr. Sims, under the circumstances of this case, does not automatically bar the use of the mistake resulting from the negligence for equitable purposes does not mean that the negligence may not form the basis for a separate, cognizable tort claim. However, the peculiar facts of the present case suggest that the circuit court also properly granted summary judgment on the appellants' counterclaim.

■ It is a rather well settled principle of the law that more is necessary to maintain a civil action than a simple breach of the duty. There must also be an injury. A breach of duty, without an injury, is legally referred to as a *damnum absque injuria* and is not actionable. *Guyan Motors, Inc. v. Williams,* 133 W.Va. 630, 57 S.E.2d 529 (1950).

Even if Absure, Inc., acting through David Sims, breached its duty to the appellants by negligently performing the title search in question, and in improperly closing the real estate transaction, there is no showing that the appellants suffered any injury as a result of that breach of duty. As the Court has previously stated, there is no showing that the title which the appellants received was in any way defective, or that they were or have been required to pay any amount other than that which they had previously voluntarily obligated themselves to pay in their contract with the Salisburys. The net effect of the circuit court's granting summary judgment to Absure, Inc., in the present case, was to place the parties in the position they contractually agreed to be in.

■ Finally, the Court notes that the appellants argue that the complaint in this case was filed after the expiration of the limitations period on the unjust enrichment claim. The unjust enrichment claim, as previously stated, was equitable in nature, and thus principles of laches rather than the Statute of Limitations govern the bringing of it, and the Court believes that the appellants have failed to show laches sufficient to bar the claim.

For the reasons stated, this Court believes that the circuit court properly entered summary judgment in this case.

The judgment of the Circuit Court of Ohio County is, therefore, affirmed.

Affirmed.

Justice McGRAW dissents and reserves the right to file a dissenting opinion.

McGRAW, J., dissenting.

I dissent because I believe that this case should have been tried rather than resolved by summary judgment.