PER CURIAM:
Claimant seeks to recover $989.00 for a privilege tax that respondent mistakenly charged the claimant on her 2005 Toyota Avalon when the claimant registered her vehicle in this State. On September 27, 2007, the claimant paid a privilege tax at respondent’s office in Sabraton after the respondent incorrectly informed her that the tax was due. The claimant testified that she was charged the tax in West Virginia even though she previously paid a sales tax on her vehicle in Michigan, her former state of residence. On July 12, 2008, claimant sent an application for refund to respondent’s office in Charleston. On July 31, 2008, respondent denied the claim since it was not made within six months of the date of the transaction.
Respondent admits the validity of the claim in the amount of $989.00. However, respondent avers that the claim should be dismissed on the basis that the *28 statute of limitations has lapsed. W.Va Code § 17A-10-12 requires that an application for a refund must be made within six months after the date of the transaction. Respondent avers that the claimant paid the tax on September 27, 2007, but the request for refund was not made until July 12, 2008.
W.Va. Code § 17A-10-12 states as follows:
Whenever any application to the department is accompanied by any fee as required by law and such application is refused or rejected said fee shall be returned to said applicant. Whenever the department through error collects any fee not required to be paid hereunder the same shall be refunded to the person paying the same upon application therefor made within six months after the date of such payment.
In Prudential Insurance Co. of America v. Couch, 180 W.Va. 210, 214 (1988), the Supreme Court of Appeals of West Virginia held,
It is generally recognized in the law of restitution that if one party pays money to another party (the payee) because of a mistake of fact that a contract or other obligation required such payment, the party making the payment is entitled to repayment of the money from the payee. The theoretical basis for this principle is that it would be unjust to allow a person to retain money on which he had no valid claim and be unjustly enriched thereby, when in equity and justice it should be returned to the payor.
In the instant case, the claimant relied on the respondent’s mistaken assertions that the privilege tax was owed. Despite the six-month requirement set forth in W.Va. Code § 17A-10-12, the Court finds that under the principle of unjust enrichment, the claimant is entitled to recover the amount of the tax that she was improperly charged. See Absure, Inc. v. Huffman, 213 W.Va. 651 (2003). Thus, the Court, in equity and good conscience, finds that the claimant is entitled to an award in the amount of $989.00.
Award of $989.00.