# Richmond

BIG SEAM COAL CORPORATION v. ATLANTIC COAST LINE RAILROAD COMPANY.

FOURSEAM COAL SALES, INCORPORATED v. ATLANTIC COAST LINE RAILROAD COMPANY.

January 17, 1955.

Record Nos. 4290, 4291.

Present, Hudgins, C.J., and Eggleston, Spratley, Buchanan, Miller and Smith, JJ.

The opinion states the case.

*Greear, Bowen, Mullins & Winston* and *Richardson, Hudgins & Hancock*, for the plaintiffs in error.

*M. M. Long* and *A. G. Lively*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

The question involved in these cases, which were heard together in the trial court, is whether that court was correct in sustaining a plea in abatement in each case and dismissing the action upon the ground that it could not be brought in the Circuit Court of Wise county. The parties will be referred to as they appeared in the trial court.

Each action was commenced by a motion for judgment, notice of which was served on an officer of the defendant at its principal office in the city of Richmond. The plaintiff, Big Seam Coal Corporation, claimed damages in the sum of $647,572.20 with interest, for the alleged breach of a contract whereby the defendant had agreed to purchase 800,000 tons of coal between October 1, 1947, and June 30, 1950, from this plaintiff, through its selling agent, Fourseam Coal Sales, Incorporated, at its mine in Wise county. It was alleged that while the defendant had received and paid for a part of this coal, it had "refused to comply with its said contract and failed and refused to accept for shipment a large portion of the said agreed amount" of coal.

The plaintiff, Fourseam Coal Sales, Incorporated, claimed damages in the sum of $49,751.53 with interest, for the alleged breach of the same contract, such damages being the commissions which Fourseam would have received as selling agent on the coal which the defendant had agreed to purchase, and which it had "refused to accept for shipment."

In each case the defendant filed a verified plea in abatement which read thus:

"The said defendant comes and says that this court ought not to have or take any further cognizance of the action aforesaid of the said plaintiff, because the said defendant says that the supposed cause of action did not nor did any part thereof arise in Wise County, Virginia, but that the supposed cause of action and every part thereof did arise in the State of North Carolina; and that at the time of the serving of the notice of motion for judgment in this cause, the defendant did not have its principal office in the County of Wise, Virginia, but had its principal office then and ever since in the City of Richmond, Virginia; and that at the time of the serving of the notice of motion in this cause, the President and Chief Officer of the said defendant, C. M. Davis, did not reside in the County of Wise, Virginia, and has not resided in the County of Wise, Virginia, since that time, but has resided, then and ever since, in Wilmington, North Carolina; and that the defendant has not been found and served with process in Wise County, Virginia, but has been found and served with process in the City of Richmond, Virginia.

"Wherefore, it prays judgment whether this court can or will take any further cognizance of the action aforesaid."

No other plea was filed and no general denial of liability was made by the defendant in either case.

Each plaintiff filed a reply to the plea in abatement and the trial court, after hearing the evidence on the issue thus joined, sustained the plea in each case and dismissed the action.

It is, of course, well settled that, "On a plea to the

jurisdiction or in abatement, as in the case of other affirmative pleas, the burden of proof is, as a general rule, on defendant, even though the plea is verified, and the plea should not be sustained where no proof of the matters alleged therein is furnished and plaintiff has not admitted or agreed to the truth of such facts." 71 C. J. S., Pleading, § 138-h, p. 296. See also, *Builders' Supply Co.* v. *Piedmont Lumber Co.*, 122 Va. 225, 229, 94 S. E. 938; *Crouch* v. *Crouch*, 124 W. Va. 331, 20 S. E. (2d) 169, 170.

It was stipulated and agreed that the defendant is a Virginia corporation, with its principal office at Richmond, Virginia, and its general offices at Wilmington, North Carolina.

Code, § 8-39, provides: "An action or suit may be brought in any county or city wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein."

The defendant concedes that if the cause of action, or any part thereof, arose in Wise county, process against it was properly served in the city of Richmond under the provisions of Code, §§ 8-47 and 8-59.

Thus, the only point at issue is whether the defendant has carried the burden of proof and shown that no part of the cause of action arose in Wise county.

In *Jones* v. *Main Island Creek Coal Co.*, 84 W. Va. 245, 99 S. E. 462, 464, it was pointed out that a cause of action for breach of contract consists of two elements, the contract which imposes the obligation and the breach or failure to perform that obligation in accordance with its terms; and that a statute identical with section 8-39 of the Code of Virginia confers jurisdiction "in any county in which either of these elements arises." In other words, a cause of action for breach of contract may be brought in the jurisdiction where the contract is made, or in that in which a breach occurs. See also, *Guyan Motors* v. *Williams*, 133 W. Va. 630, 57 S. E. (2d) 529, 530, 531.

To sustain its plea the defendant called as an adverse witness R. H. Kelly, president of the mining company and

of the sales company. Kelly testified that the contract sued on was entered into between him, representing the selling companies, and George L. Mitchell, purchasing agent of the defendant; that the contract was partly oral and partly in writing; that some of the oral negotiations between him (Kelly) and Mitchell took place in Wise county; and that the agreement resulting from these oral negotiations was later reduced to writing. He admitted that a formal contract was drawn up and signed by Mitchell at Wilmington, North Carolina, and transmitted by letter from Mitchell to him (Kelly) at Bramwell, West Virginia; and that he (Kelly) signed a copy and returned it by mail to Mitchell.

While Mitchell said that he had had oral negotiations with Kelly in Wise county, he was clear and positive in his testimony that these negotiations were merely preliminary; that he wrote Kelly a letter enclosing a copy of the agreement as he understood it to be; and that Kelly made certain minor changes in the copy of the contract, returned it to Mitchell, who put it in final form, signed it, and mailed copies to Kelly at Bramwell. Kelly signed the agreement and returned a copy to Mitchell by mail.

This evidence warranted the trial court in finding that the contract was not made in Wise county; that the negotiations between the parties in Wise county were merely preliminary to a contract which the parties understood would be reduced to writing, and that such writing was evidence of the final agreement between the parties. *Boisseau* v. *Fuller*, 96 Va. 45, 46, 47, 30 S. E. 457; *Adams* v. *Hazen*, 123 Va. 304, 319, 320, 96 S. E. 741.

Our next inquiry is whether the defendant has carried the burden of proving that the contract was not breached by it in Wise county. The trial court seems not to have passed on this issue, but assumed that proof that the contract was not made in Wise county was sufficient to defeat its jurisdiction.

Mitchell testified that it was the understanding between the parties that coal was to be shipped on monthly orders

sent by his office to Fourseam, and that this had customarily been done. Hence, the defendant argues that its breach, if any, of the contract occurred at Wilmington when the defendant failed to forward orders for coal as specified in the contract. But this is not the only manner in or place at which a breach by the defendant may have occurred.

According to the terms of the contract coal was to be shipped "F. O. B. mine" which was located in Wise county. Kelly testified that the defendant "continually refused * * * after the first twelve months period" to accept shipments of coal which had been loaded on cars at the mine to be forwarded to the defendant; that "our sidetracks were continually loaded with coal to Mr. Mitchell's account, and he refused to let them ship it. He told them not to accept the shipments of the coal." This testimony of Kelly is uncontradicted. It is true that Mitchell testified that the defendant "did not refuse to take any coal shipped by Big Seam," but as Kelly pointed out, this was quite a different matter from Mitchell's refusal to accept shipments at the mine. The failure of Mitchell to deny that the defendant refused to accept these shipments is significant in the light of the allegations of such refusal in each motion for judgment.

Thus, it appears that the defendant failed to prove that there was no breach of the contract by it in Wise county. On the other hand, the uncontradicted evidence is that the defendant did breach the contract in that county, in that it refused to accept shipments of coal which were tendered to it at the mine.

The defendant argues that the plea in abatement should be sustained because, it says, the contract which Kelly's testimony identifies as that upon which the plaintiffs' motions for judgment are based is not a valid and enforceable agreement which will support a cause of action in any court. That contention, if sound, is a defense on the merits of the case which cannot be considered and disposed of in a trial on a plea in abatement. We are not now concerned with the merits of the case. The only issue here is

whether the actions may be brought in the Circuit Court of Wise county. 71 C. J. S., Pleading, § 138-f, p. 296; *Chesapeake & Ohio Ry. Co.* v. *American Exchange Bank*, 92 Va. 495, 499, 23 S. E. 935, 44 L. R. A. 449.

For these reasons the judgment appealed from in each case is reversed and the cause remanded to the lower court with direction that an order be entered overruling the plea in abatement.

*Reversed and remanded.*