## CIRCUIT COURT OF THE CITY OF RICHMOND

Deady Advertising, Inc.

v.

Foam Industries, Inc.

March 15, 1977

Case No. A-179

### By JUDGE WILLARD I. WALKER

The court thanks you for your very excellent and prompt letter memoranda on this case. They have been very helpful to the court in resolving the question before it on the plea in abatement.

Since it has been conceded that the contract between the plaintiff and defendant was executed in the City of Norfolk and that the defendant corporation "resides" in the City of Norfolk, the only basis for venue in this court would be pursuant to the provisions of § 8-39 of the Code of Virginia, which reads:

> An action or suit may be brought in any county or city wherein the cause of action or any part thereof arose, although none of the defendants reside therein.

The limited question for the court to decide is whether the cause of action upon which the plaintiff has brought this litigation arose in whole or in part in the City of Richmond.

Accepting the allegations of the plaintiff's complaint as being true for the purposes of this opinion, the situation alleged is that by virtue of the terms of a contract

entered into between the parties in Norfolk on September 18, 1975, the contract was automatically renewed effective September 18, 1976. The execution of this second contract would also be in the City of Norfolk. After this automatic extension or re-execution of the contract, the defendant repudiated the contract. This repudiation by the defendant constituted the breach on which the plaintiff's action is based. The fact that the defendant at a later time sent a written notice of repudiation, and the fact that the plaintiff went forward with activities under the contract prior to repudiation, does not alter the basis for the cause of action. The plaintiff opted to accept the repudiation and sued the defendant for damages resulting from the breach.

The premise of the plaintiff's case is that the contract was performed, or was to be performed, in part in the City of Richmond, and for that reason plaintiff asserts that the cause of action arose in this jurisdiction. There is no question that a breach of contract resulting from a failure in performance can be brought in that jurisdiction where the performance should have occurred. It was upon this premise that the Supreme Court of Virginia decided the case of *Coal Corp.* v. *Railroad Co.*, 196 Va. 590, 85 S.E.2d 239 (1955). In the *Coal Corp.* case, the Railroad Company was to have received products from Coal Corp., pursuant to contract, FOB mine site. The railroad refused to receive the products FOB mine site and was sued in the jurisdiction where the mine was located for the breach of contract. The court correctly held that the breach of contract arose out of nonperformance by the defendant. This breach occurred in the jurisdiction where the mine site was located and, therefore, venue was proper under § 8-39.

Despite the fact that much evidence was heard by this court on the question of where the contract was to be performed, the court is of opinion that the cause of action upon which plaintiff sues does not deal with a failure of performance on the part of the defendant in the City of Richmond, Virginia. The cause of action deals with a breach of the contract by a total repudiation of its terms from the inception of the alleged re-execution date of September 18, 1976. The repudiation of the contract by the defendant is, in essence, a statement by it that it is unwilling to abide by its obligations under the contract. These obligations were to pay money for services

performed or to be performed by the plaintiff. The payment of money for services rendered by the defendant would have emanated from Norfolk, Virginia, its corporate offices. Therefore, the breach of the contract by the defendant occurred at that location.

For the reasons above stated, the court finds that no part of the cause of action upon which the plaintiff maintains its suit arose within the City of Richmond. Accordingly, the plea in abatement must be sustained.