CIRCUIT COURT OF THE CITY OF ROANOKE

Noland Company

    v.

William A. Aden et al.

May 16, 1980

By JUDGE JACK B. COULTER

The defendants, William A. Aden and Joseph C. Draper, have moved the Court pursuant to Virginia Code Section 8.01-264 to transfer this case to the Circuit Court of Montgomery County wherein all of the defendants reside. They urge that the proper venue for the plaintiff's claim is Montgomery County because the guarantee agreement, which is the subject of this action, was based upon the supply of goods and the extension of credit to Reed Plumbing, Heating & Excavating, Inc., in Montgomery County. Their motion further alleges that the guarantee agreement was negotiated and executed in Montgomery County, and the cause of action, if any exists, arose in Montgomery County.

Venue in Virginia is codified, insofar as this case is concerned, in Section 8.01-262. This statute provides, in part; that permissible venue lies (1) wherein the defendant resides OR (4) wherein the cause of action, or any part thereof, arose. Since none of the defendants reside within the territorial boundaries of this court, the sole issue raised by the subject motion is whether or not any part of the plaintiff's cause of action arose in the City of Roanoke where the plaintiff maintains and conducts its business.

Under the guarantee agreement at issue these defendants and others unconditionally guaranteed payment to the plaintiff of all sums due or which might become due by Reed Plumbing, Heating & Excavating, Inc., for materials, supplies and equipment which the plaintiff might supply to it. The guarantee further provided that payment for items delivered during any given month was to have been made not later than ten days after the end of the month in which delivery was made. Hence, immediate payment on delivery was not an exclusive requirement contemplated by the original parties in their dealings with each other. If such had been required, then Code Section 8.2-310, which provides that payment is due at the time and place of the delivery of goods, might be of more significance, although that statute was not intended to apply to contracts of guanrantee. Under Code Section 8.2-102 the scope of Title 8.2 of the Commercial Code, Sales is limited to "transactions in goods."

The guarantee agreement also provided that it would continue until revoked by the guarantors "by written registered notice . . . ; such notice, however, not to become effective until 30 days _after received_." The place of receipt contemplated, of course, was clearly the plaintiff's place of business in the City of Roanoke.

The subject of "where a cause of action arises" is discussed in 19 Michie's Jurisprudence, Venue, § 7, pp. 480-482. At page 482 the following observation is made:

> Where the duty imposed is to pay a debt, the courts construe the contract, and the law implies a further duty upon the debtor after default, to seek the creditor and make payment to him and _declares that the residence of the creditor at the time the debt is due is the place of the breach of the contract._ (emphasis added)

In _Sentry Indemnity Co._ v. _Angel & Son, Inc._, 332 So.2d 83 (Fla. 1976), the Court held that where the suit was for money owed as the result of an indemnity contract which did not provide for the place of payment, payment was to be made where the surety resided. Venue lay, the Court concluded, where the payee had its regional office and not where the construction contract was entered into or where the project was located or where the defendants resided. Said the Court:

> Essentially appellant is suing appellees for money owed as a result of the indemnity contract. The contract does not provide for the place of payment; therefore payment (if due) is to be made where the payee resides or has an established place of business.

A potential part of any cause of action based on a contract to guarantee the payment of a debt is its nonpayment. Payment is really what such a contract is all about. There can be no payment without it being received. Receipt of payment, therefore, is an essential element of payment. When payment is made through the mails, the completion of the act of payment, namely its receipt, occurs when received at the residence or place of business of the payee. When such act has not been completed, it, of course, has not been completed everywhere, but the situs of such nonpayment by necessary implication must be assigned to the place of contemplated receipt. At least part of the cause of action for the nonpayment of a debt, therefore, has arisen where the receipt of payment would logically have been expected.

A somewhat analagous factual situation generated a similar plea in _Fuel Oil & Equipment Co. Inc._ v. _The Fidelity & Casualty Co. of New York_ in the Court of Law & Chancery for the City of Roanoke, the predecessor to this Court. In that case, decided by the late S. L. Fellers on June 29, 1966, Fuel Oil & Equipment Co., Inc., whose offices were in the City of Roanoke, had furnished fuel oil in Roanoke County to Virginia Pre-

stressed Concrete Corporation, whose place of business was located in Roanoke County. The Fidelity & Casualty Co. of New York was surety for Virginia Prestressed, guaranteeing payment for materials furnished in Roanoke County. Judge Fellers ruled that the failure to pay the account in the City of Roanoke where it was due constituted a breach of that contract in the City of Roanoke and that, therefore, the cause of action, or at least a part thereof, arose in the City of Roanoke, giving that court proper venue. A copy of that order is enclosed.

For all the reasons aforesaid, therefore, I am fully persuaded that permissible venue in this case lies within the jurisdiction of this court. The motion to transfer is accordingly denied.