## CIRCUIT COURT OF THE CITY OF RICHMOND

Moore Loans, Inc.

v.

B. E. Hardin Enterprises, Inc.

December 17, 1985

Case No. LJ-372-3

By JUDGE WILLARD I. WALKER

This matter is before the court upon defendant's motion to transfer venue under Va. Code Ann. Section 8.01-264. The parties concede that venue is proper in this court, if the cause of action or any part thereof arose in the City of Richmond. Defendant's objection raises the following issue: Where does a cause of action for nonpayment of an obligation "arise" for venue purposes?

The essential facts necessary to this decision are as follows: Moore Loans, Incorporated (MAC), purchased certain notes, with recourse, from Hardin Enterprises (Hardin). Hardin unconditionally guaranteed payment of the notes to MAC. This agreement was executed in Newport News, Virginia, and provides that upon MAC's request, Hardin is to pay MAC the unpaid balance due on certain of the recourse notes, less the unearned discount. The notes which are the subject matter of this case are alleged to be due and owing.

MAC's principal place of business is Richmond, Virginia; Hardin's principal place of business is Newport News, Virginia. The agreement does not specify a place of payment.

I have found no Virginia Supreme Court decision on this issue; however, a majority of jurisdictions follow the "to pay" doctrine to determine where the cause of action arises for venue purposes where the contract is silent as to the place of payment. See *Clark v. Policyhol-*

*der's Life Ins. Ass'n*, 138 Cal. App. 505, 32 P.2d 653 (1939); *Baruch v. W. B. Haggerty, Inc.*, 137 Fla. 799, 188 So. 797 (1939); *Wetzel County Savings and Loan Co. v. Stern Bros., Inc.*, 156 W. Va. 693, 195 S.E.2d 732 (1973). The "to pay" doctrine imposes an obligation on the debtor to seek out his creditor and make payments due under the terms of the contract at the creditor's residence or place of business. It is apparent from the facts in this case that Hardin was obligated to pay MAC at MAC's principal place of business in Richmond. Therefore, adopting the "to pay" doctrine as appropriate Virginia law, I conclude that the cause of action arose in the City of Richmond and that venue is proper in this court. See also the well-reasoned opinion of the Honorable J. B. Coulter, Judge of the Circuit Court of Roanoke, of May 16, 1980, in the case of *Noland Company v. William A. Aden et al.*, 1 Va. Cir. 201.

An alternative approach to this issue would be to inquire as to the reasonable contemplation of the parties. It seems obvious to me that in this case the parties contemplated payment to the plaintiff at the office in Richmond. Venue being proper in this court, the defendant's motion to transfer is denied.