# CIRCUIT COURT OF WESTMORELAND COUNTY

William W. Wasson,
t/a Micronix

v.

Engineering and Economics
Research, Inc.

March 21, 1990

Case No. (Law) 90-1

By JUDGE JOSEPH E. SPRUILL, JR.

We have for consideration defendant's Motion to Transfer filed in response to a five-count Motion for Judgment brought in Westmoreland County Circuit Court. Counts I, II, and III of the Motion for Judgment are contract claims, and the remaining two counts allege tort claims.

Defendant objects to venue in Westmoreland County because defendant's corporation has its principal office in Fairfax County; all of its officers reside there; and neither the corporation nor its officers have had contact of any kind with plaintiff in Westmoreland County. Defendant claims that if there is a contract, it was formed in Fairfax County, and if there were a breach, it occurred in Fairfax County. Defendant also alleges Westmoreland County is not a convenient forum.

Plaintiff claims that this cause of action, or a part thereof, arose in Westmoreland County, and that venue here is proper pursuant to § 8.01-262, subsection 4, of the Code.

An action for breach of contract may be brought in the jurisdiction where the contract was made or where the breach occurred. *Big Seam Coal Corp. v. Atlantic Coast*

*Line Railroad Company*, 196 Va. 590 (1955). Although there is a question about when or whether a contract was formed, the parties apparently concede that defendant accepted plaintiff's offer, if at all, when plaintiff and defendant were in Fairfax County on November 17, 1989. Thus it appears if there were a contract, it was made in Fairfax County. If the contract were breached, the breach would occur where the defendant failed to perform. If there were a failure to perform by defendant, such failure must have occurred in Fairfax County, since no claim is made that defendant ever came to Westmoreland County for any purpose related to this proceeding.

Thus, as to the contract claims, Fairfax County appears to be the proper forum.

As to the tort claims, the place where the cause of action arose is the place where any of the injury occurred. *Chesapeake & Ohio Railway v. American Exchange Bank*, 92 Va. 495 (1896). The plaintiff resides and conducts his business in Westmoreland County. Injury, if any occurred, took place in Westmoreland County. This would support plaintiff's contention that venue has been properly selected in this case.

Clearly, Westmoreland for defendant is a less convenient forum than Fairfax. Conversely, Fairfax is a less convenient forum for plaintiff. Recognizing the discretionary authority of the Court (§ 8.01-267) and regretting that inconvenience is an unavoidable consequence to one or the other of the parties, we deem it inappropriate to decide the venue issue on the basis of convenience.

Defendant makes the interesting point that the tort claims should not be allowed to justify retaining venue in Westmoreland County because these counts will not survive a demurrer. This is a rather sweeping claim. It would be premature to assume its validity. However, if it develops that this is, in fact, a contract case disguised as a tort case, it may be appropriate for the Court to reconsider its ruling. For the present, however, we find that the Motion to Transfer should be denied.