## CIRCUIT COURT OF ROCKINGHAM COUNTY

Dean Steel Erectors

v.

Virginia Steel Erectors

January 6, 1995

Case No. (Law) 10023

BY JUDGE DENNIS L. HUPP

It is my opinion that Rockingham County is a permissible venue for the trial of this law action. Virginia Code § 8.01-262(4) provides that the jurisdiction "[w]herein the cause of action, or any part thereof, arose" is permissible venue.

The plaintiff alleges that the parties entered into an oral contract calling for the payment of a sum of money to the plaintiff by the defendant. According to the warrant in debt filed in the General District Court of Rockingham County, the plaintiff has a Harrisonburg address, and it has been proffered that the plaintiff's principal place of business is in Rockingham County. Where a contract is silent as to the place where payment is to be made, the debtor is obligated to seek out his creditor and make payment at the creditor's residence or place of business. *Moore Loans, Inc. v. B. E. Hardin Enterprises, Inc.*, 4 Va. Cir. 360 (City of Richmond, 1985); and, *Noland Co. v. Aden*, 1 Va. Cir. 201 (City of Roanoke, 1980). This has been called the "to pay" doctrine for the purpose of determining proper venue. In the instant case, the allegation is made that the defendant owes a debt to the plaintiff. Under the "to pay" doctrine, such payment was to be made at the place of business of the plaintiff. Upon failure to pay the debt created under the contract, a cause of action arose. That cause of action, or at least a part of it, arose in Rockingham County.

The plaintiff may fail to prove the existence of a contract at trial, but the determination of proper venue must be based upon the allegations raised in the pleadings and proffers available to the Court at this time. The ultimate issue in the case must be decided at the trial.

This case will be remanded to the General District Court of Rockingham County for trial.