## CIRCUIT COURT OF ROCKINGHAM COUNTY

Village Auto Center,
t/a Windshield Center,

v.

Apple Auto Glass & Mirror, Inc.,
and Harold L. Tipton

April 6, 2000

Case No. (Law) CL00-11034

BY JUDGE JOHN J. MCGRATH, JR.

This case is currently before this court on Defendants' motion for a change of venue. Plaintiff, Village Auto Center, has its principle place of business in the City of Harrisonburg, Virginia; Defendant, Apple Auto Glass, is a corporation duly organized and existing under the laws of the Commonwealth of Virginia with its principle place of business in the City of Lynchburg, Virginia. Defendant Tipton is the registered agent for Apple Auto Glass and resides in Bedford County, Virginia. Plaintiff's Motion for Judgment alleges a breach of contract by the Defendants arising out of a sale of goods by Plaintiff to Defendant. Plaintiff delivered the goods to Lynchburg, and Defendant was to make payment to Plaintiff in Harrisonburg. Defendants have requested a change of venue due to the fact that the cause of action arose "entirely or in part" in Lynchburg; the goods in question were delivered there and are now currently located there. Plaintiff objects to any change of venue.

The issue of proper venue for this case is governed by Va. Code § 8.01-262 for permissible venue. According to that section, venue is proper where "the cause of action, or any part thereof, arose." Va. Code § 8.01-262(4). Although the appellate courts of this Commonwealth have not directly addressed this issue of proper venue in a case involving a contract for the sale of goods, it has been addressed by various circuit courts in this

Commonwealth, the most recent time being in this Circuit in 1995. *See Dean Steel Erectors v. Virginia Steel Erectors*, 35 Va. Cir. 346 (Rockingham County 1995); *Moore Loans, Inc. v. B. E. Hardin Enters., Inc.*, 4 Va. Cir. 360 (City of Richmond 1985); *Noland Co. v. Aden*, 1 Va. Cir. 201 (City of Roanoke 1980). In *Dean Steel Erectors*, this Court applied the "to pay" doctrine for the purpose of determining proper venue. *Id.* This doctrine provides that "where a contract is silent as to the place where payment is to be made, the debtor is obligated to seek out his creditor and make payment at the creditor's residence or place of business." *Id.*, citing *Moore Loans, Inc. v. B. E. Hardin Enters., Inc., supra; Noland Co. v. Aden, supra.* The Court found that since the allegation was made that the Defendant owed a debt to Plaintiff and under the "to pay" doctrine that debt was to be paid in Rockingham County, the cause of action for a failure to pay arose, at least in part, in Rockingham County. Therefore, the venue was proper under Va. Code § 8.01-262(4). *Id.*

Applying the "to pay" doctrine in the case at hand, this Court finds that the Defendant was obligated to pay his debt to Plaintiff in Harrisonburg; therefore, the cause of action arose, at least in part, in Harrisonburg and venue in this Court is proper pursuant to Va. Code § 8.01-262(4). Defendants' motion for a change of venue, therefore, is denied.

The Clerk of the Court is directed to send certified copies of this order to James V. Lane, Esq., counsel for Plaintiff, and B. Leigh Drewry, Jr., Esq., Counsel for Defendants.