## CIRCUIT COURT OF SHENANDOAH COUNTY

Instrumentation
Services, Inc.

v.

Town of Victoria

June 19, 2002

Case No. (Law) CL02-26

BY JUDGE DENNIS L. HUPP

This case came before the Court on the defendant's motion to transfer venue to Lunenburg County wherein the Town of Victoria lies. Appearing for the plaintiff was Bradley G. Pollack, Esquire, and appearing for the defendant was Jeffrey H. Geiger, Esquire. Testimony was taken by telephone from J. B. Crenshaw, Town Manager of the Town of Victoria, and Philip Pegram, the Town's water plant operator. Testimony was also taken from Everett W. Springer, President and owner of Instrumentation Services, Inc.

The question is whether this case should be transferred to Lunenburg County under the doctrine of forum non conveniens, which has been incorporated into our venue statutes. Virginia Code § 8.01-265. In applying this doctrine, reference must be made to statutes establishing proper venue, both preferred (§ 8.01-261) and permissible (§ 8.01-262). I believe that Shenandoah County is a permissible venue under § 8.01-262(4) in that part of the cause of action in this case, as alleged in the motion for judgment, arose here. A breach of contract claim is predicated upon the existence of a contract. The plaintiff contends that there was a contract and that it was formed, in part, in Shenandoah County, where its place of business is located and where Everett Springer, the corporate principal, through whom the corporation acted,

was contacted and where he performed a substantial amount of his work on the alleged contract.

The evidence showed that Philip Pegram placed a telephone call to Everett Springer at his office in Shenandoah County, Virginia, soliciting a bid for equipment to be installed in the Town's water plant. Pegram later notified Springer, by telephone call placed to Springer's office in Shenandoah County, that he had submitted the low bid. Thereafter, a purchase order was issued to the plaintiff for the equipment and a vendor's invoice was rendered to the Town on what appears to be a Town form. The invoice reflects that the Town is a "debtor to" the plaintiff, and the plaintiff's Woodstock address follows. It appears that this invoice was signed by J. B. Crenshaw, Town Manager, certifying to the Town Treasurer that the invoice was properly payable.

For some reason not yet divulged to the Court, the Victoria Town Council decided not to pursue this particular project, and J. B. Crenshaw notified Mr. Springer by telephone at the latter's Shenandoah County office of the developments.

Mr. Springer testified that his work in preparing the bid was done in Shenandoah County and that his work in part performance of the contract was done in Shenandoah County as well. He testified that these efforts, contacting suppliers and formulating his bid in the first instance and preparing the equipment for installation in the latter, consumed hours of his time, whereas he spent less than an hour in Victoria examining the premises and taking measurements.

Mr. Crenshaw testified that a number of persons would be needed to testify on behalf of the Town, including the entire Town Council, the Mayor, the Town Treasurer, the Town Attorney, the Public Works Director, the water plant operator, the Health Department inspector, and himself. All of these people live and work in Lunenburg County or in nearby counties. Victoria is approximately 175 to 180 miles from Woodstock, the county seat of Shenandoah County.

Application of the doctrine of forum non conveniens requires a balancing of various factors pertaining to convenience, hardship, and expense. *Norfolk & Western Ry. v. Williams*, 239 Va. 390, 389 S.E.2d 714 (1990). This case was cited by the defendant in support of its motion to transfer venue; however, the present case can easily be distinguished. In the *Norfolk & Western* case, the City of Portsmouth, where the trial was held, had no connection to the case itself. This is not so in our case. The plaintiff was located in Shenandoah County when it was contacted by the town and when the contract, if the same is proven, was made, and much of the plaintiff's work in regards to the alleged contract occurred here. The invoice in this case directed payment to the

plaintiff at its Shenandoah County address. Assuming that a contract was made, even if there was no meeting of the minds as to where payment would be made, the debtor is obligated to seek out his creditor and make payment at the creditor's residence or place of business. *Dean Steel Erectors v. Virginia Steel Erectors*, 35 Va. Cir. 346 (Rockingham County 1995).

Application of forum non conveniens is not simple math where the Court totals the number of witnesses on each side and goes with the majority. There is a direct and reasonable connection to Shenandoah County, and this county is permissible venue under the statute. The motion to transfer is denied.

I do understand counsel's concern that a number of the suggested witnesses are public officials, and I have no intention of allowing the Victoria town government to be shut down for a period of time during the trial of this case or during pre-trial discovery. I also am abundantly aware that town council members and mayors serve for little compensation and act out of public spirit and civic pride.

For these reasons, I will put in place certain restrictions pertaining to discovery and the presentation of evidence in this case:

(1) As I am permitted to do under Rule 4:5(a1), I direct that depositions of any witnesses named by Mr. Crenshaw who are not full-time employees of the Town of Victoria be taken in Lunenburg County.

(2) I encourage counsel to use telephonic depositions. See Rule 4:5(b)(7).

(3) The testimony of any witness living more than 100 miles from the place of trial may be presented by de bene esse deposition. See Rule 4:7(a)(4).

Quite frankly, I do not know why the defendant would need all the witnesses suggested by Mr. Crenshaw. If the Town Council members and Mayor are needed to testify as to the Town's action in stopping this purchase and the reasons therefor, perhaps Town Council minutes could serve this purpose. The minutes can be admitted into evidence upon proper authentication, and I would point out that, under the standard pre-trial order, exhibits listed pre-trial will be accepted as authenticated unless specific objection is made. See Form 3, Rule 1, of the Supreme Court Rules of Court, specifically relating to Rule 1:18(b).