# CIRCUIT COURT OF ROANOKE COUNTY

Osage, Inc.

v.

W. Earle Spruill, Jr., et al.

September 9, 2010

Case No. CL10000678-00

By Judge Charles N. Dorsey

This matter came on for hearing on September 7 of this year solely on defendant Garwood's objection to venue and motion to transfer venue of this matter to Henrico County, Virginia. For the reasons stated, Mr. Garwood's objection and motion to transfer are denied.

The written argument and authority set out the essential facts which are largely uncontroverted. The suit in this matter is a declaratory judgment action by Osage, Inc., against Mr. Spruill and Mr. Garwood who are purportedly fifty percent owners of Osage. While there are some related companies, they are not pertinent to resolution of this issue. Mr. Spruill resides in Roanoke County, where the declaratory judgment action has been filed, and Mr. Garwood resides in Halifax County. Osage, Inc., does business throughout the state though the bulk of its sales are in the western part of the state. Additionally, while witness lists have not been completed, there are certain expert witnesses located out of state and other material witnesses located outside of Roanoke County, including areas close to Henrico County.

*Issues*

Whether venue should be transferred based on convenience to witnesses and other parties under Virginia Code § 8.01-265.

## Analysis

Both parties have stipulated that Roanoke County is a permissive venue for the action under Virginia Code § 8.01-262. In addition, it should be noted that there is a presumption in favor of retaining a plaintiff's chosen venue, although the presumption is rebuttable. *Norfolk & Western Rv. v. Williams*, 239 Va. 390, 389 S.E.2d 714 (1990). However, Mr. Garwood has moved for transfer under § 8.01-265, the so-called forum non conveniens statute, which states in part: "[T]he court wherein an action is commenced may, upon motion by any party and for good cause shown . . . transfer the action to any fair and convenient forum having jurisdiction within the Commonwealth." Va. Code Ann. § 8.01-265(ii) (2009). In turn, good cause is defined to include "the avoidance of substantial inconvenience to the parties or the witnesses. . . ." *Id.*

In this case, there appears to be no good cause for a transfer of venue. Although Mr. Garwood argues that Henrico County would provide a more convenient location for witnesses, due to better access to airports and the proximity of needed parties, in truth, the final witness list has not even been ascertained. In addition, both Roanoke County and Henrico have access to airports, and there appear to be just as many parties in or near Roanoke County as Henrico County. All necessary discovery documents are electronic and can therefore be accessed from either location, regardless of where the "principal" or "primary" office of the Osage, Inc., the plaintiff, resides.

A similar case, *Instrumentation Services, Inc. v. Victoria*, 60 Va. Cir. 92 (2002), found that despite a 175 mile difference (comparable to the 161 mile difference in the instant case) between the proposed locations, "[a]pplication of forum non conveniens is not simple math where the Court totals the number of witnesses on each side and goes with the majority. There is a direct and reasonable connection to the [chosen venue], and [that] county is permissible under the statute." Under the similar facts of this case, because there is no compelling argument against the venue of Roanoke County and because deference should be paid to a plaintiff's choice in venue, the motion to transfer is denied.

Finally, by agreement of counsel, the following restrictions are put into place to ease any potential inconvenience experienced in the discovery process.

1. The depositions of Mr. Garwood shall be taken at his place of business or residence. Although it was not specifically agreed which county these depositions would be taken, it was clearly agreed that they would not be taken in Roanoke County so as to minimize any additional inconvenience to Mr. Garwood.

2. Whenever possible, for out of state depositions, counsel shall use telephonic depositions.