# CIRCUIT COURT OF THE CITY OF NORFOLK

Specialty Products, Inc.

v.

Demolition Services, Inc.

December 12, 2013

Case No. (Civil) CL 12-8830

BY JUDGE CHARLES E. POSTON

This action is before the Court upon the objection to venue and motion to transfer of the Defendant Demolition Services, Inc. Having considered the written submissions of counsel, the papers filed in this action, and the argument of counsel, the court finds that venue is permissible in the City of Norfolk and that the Defendant's objection should be overruled and its motion denied.

*Factual Background*

The Defendant, Demolition Services, Inc. ("DSI"), is a sub-contractor for a Department of Defense construction project at Building 2803, Camp Peary, Virginia. Its scope of work there included the removal of an epoxy layer from the building's existing concrete floor. In late October 2012, it telephoned the Plaintiff, Specialty Products, Inc. ("SPI"), to solicit a bid for that work. In the course of the ensuing negotiations, DSI allegedly represented to SPI that it had tested the surface and

determined that the epoxy coating was relatively thin and could be removed without difficulty by diamond grinding. In reliance on that representation, SPI offered to remove the epoxy layer for $30,000. DSI accepted this offer. DSI then forwarded a $15,000 mobilization payment to SPI.

SPI alleges that, when it started work it discovered that the epoxy coating was thicker than DSI originally led it to believe, that the epoxy coating was reinforced with a fiber mesh that DSI did not disclose, and that complete removal would require nearly three times as much edging work as DSI represented. SPI informed DSI that, due to these differing circumstances, its work would be more difficult and costly. Accordingly, SPI requested that DSI submit a change order through the prime contractor for commensurate additional compensation on its behalf. SPI claims that DSI agreed to do so and, in reliance on its expectation that DSI would secure the change order, it continued work for another month, removing 95% of the epoxy layer. On December 3, 2012, SPI again requested that DSI secure a change order to compensate it for its additional costs, but this time DSI refused. Considering this refusal a material breach of their contract, SPI left the work site with 5% of the epoxy layer still in place.

## Procedural History

SPI brought the instant action in December 2012, alleging three counts: first, that DSI breached the parties' contract by failing to submit change orders to the prime contractor on SPI's behalf; second, that DSI was unjustly enriched by SPI's substantial performance without payment; and, third, that DSI fraudulently induced SPI to enter the contract on adverse terms and to continue working under the mistaken belief that change orders would be forthcoming. In February 2013, DSI filed a motion styled "Defendant's Demurrer and Objection to Venue," in which it demurs to the unjust enrichment and fraud counts, and moves to transfer the action to Manassas, Virginia. The Court heard the parties' arguments on the objection to venue and motion to transfer in a hearing on October 1, 2013. The Defendant's demurrer will be addressed after a separate hearing.

## Discussion

When a defendant objects to the plaintiff's chosen venue, it bears the burden of proving that venue is improper. *Hawthorne v. VanMarter*, 279 Va. 566, 580, 692 S.E.2d 226, 235 (2010). In ruling on an objection to venue, the Court examines the record up to the time of filing to determine whether the case falls within either of the Commonwealth's venue statutes. *Id.* The instant case includes both contract and tort claims, both of which fall under Virginia Code § 8.01-262's procedures for determining "permissible venue" for "Category B" cases. The parties agree that, because no other provision of § 8.01-262 is sufficient to establish permissible

venue in the City of Norfolk, Paragraph Four of that section controls the question of whether venue is proper here. Paragraph Four provides that venue is proper "[w]here the cause of action, or any part thereof, arose. "§ 8.01-262(4). Where a plaintiff alleges multiple causes of action, the Court may, in its discretion, retain the entire case if venue is proper for at least one claim. E.g., *Wasson v. Engineering & Econ. Research, Inc.*, 20 Va. Cir. 133 (1990) (retaining a case in which venue was proper for two tort claims, but not for the three contract claims). Therefore, to prevail in its objection, DSI must show that no part of any of SPI's causes of action arose in the City of Norfolk.

Because SPI stipulated to DSI's argument that no part of its cause of action for unjust enrichment arose in the City of Norfolk, venue is improper here with respect to that claim. Because SPI's breach of contract claim arose either in Manassas or at Camp Peary, Norfolk is also an improper venue with respect to that claim. However, because the Court finds that a part of SPI's fraud cause of action arose in the City of Norfolk, DSI's objection to venue will be overruled.

## A. *Breach of Contract*

Venue is not proper with respect to SPI's breach of contract claim because no part of its cause of action for that count arose in the City of Norfolk. A cause of action for breach of contract arises both where the contract is formed and where it is breached. *Big Seam Coal Corp. v. Atlantic Coast Line RR.*, 196 Va. 590, 593, 85 S.E.2d 239, 241 (1955). A contract is formed where the last act of its formation occurs, and, when oral negotiations are reduced to writing, this is where the writing is fully executed. *Id.* at 594, 85 S.E.2d at 242. A breach occurs where "that is not done which ought to have been done, or that is done which ought not to have been done." *Norfolk & W. Ry. v. Crull*, 112 Va. 151, 70 S.E. 521, 522 (1911) (quoting *Bank v. Lacombe*, 84 N.Y. 367, 384, 38 Am. Rep. 518). Under the "to pay" doctrine, a party's breach of its contractual obligation to pay the other occurs at the obligee's principal place of business if the parties have not agreed upon another delivery location. *Dean Steel Erectors v. Virginia Steel Erectors*, 35 Va. Cir. 346 (1995); *Village Auto Ctr. v. Apple Auto Glass & Mirror, Inc.*, 51 Va. Cir. 471 (2000).

In *Big Seam Coal*, the Virginia Supreme Court concluded that a contract, negotiated in the forum county but reduced to writing and executed elsewhere, was formed upon execution and so was not formed in the forum county. 196 Va. at 594, 85 S.E.2d at 242. Similarly, in *Wasson*, the court concluded that the parties' contract was formed in Fairfax County because that is where the defendant accepted the plaintiff's offer. 20 Va. Cir. at 133.

In *Dean Steel*, the plaintiff brought suit in its home county when the defendant allegedly failed to pay a sum of money pursuant to the parties' oral agreement. 35 Va. Cir. at 346. The defendant objected to the plaintiff's

choice of venue, arguing that the contract had been formed in another county and, if breached, had been breached there as well because the parties did not agree on a specific location for the defendant to deliver the money. *Id.* The court disagreed, however, and determined that it is a debtor's duty to make a reasonable effort to seek out the creditor to settle the debt and, where the creditor is a corporation with a listed address, this address is the site to which the money must be delivered. *Id.* The defendant allegedly breached his contractual obligation to pay the defendant a sum of money and, because he was obligated to deliver this money to the plaintiff's principal place of business, that is where the breach allegedly occurred. Venue, then, was proper in the plaintiff's original choice of forum. *Id.*

However, in *Deady Advertising, Inc., v. Foam Industries, Inc.*, another circuit court examined a similar breach of contract case and found that the breach occurred at the defendant's principal place of business. 4 Va. Cir. 435 (1977). There, the parties formed a contract in Norfolk at the defendant's principal place of business, but the plaintiff alleged that it was breached in Richmond, the plaintiff's principal place of business, because the defendant was obligated to pay it there. The court held instead that, because the alleged breach was a repudiation of the contract, rather than a breach of the obligation to pay, the breach occurred where the repudiation decision was reached. Because it was of the opinion that the repudiation decision originated at the defendant's principal place of business in Norfolk, the court determined that the cause of action did not arise in Richmond and that venue was not proper there. *Id.* Here, the parties agree that SPI transmitted its offer to DSI's Manassas office and that DSI transmitted its acceptance via email from that location. Thus, the contract was formed in Manassas. However, the parties disagree over the location of the alleged breach. SPI alleges that, under the "to pay" doctrine, DSI breached its obligation to deliver payment to SPI's Norfolk office, and so the breach occurred in Norfolk. DSI argues that the "to pay" doctrine does not apply to services contracts like the one at issue here. There is no precedent regarding the application of the "to pay" doctrine in this jurisdiction, but the Court need not reach that question.

Because SPI's complete performance was a condition precedent on which DSI's obligation to pay the balance of the contract price depended, DSI was not yet SPI's debtor, and the "to pay" doctrine is not implicated here. The parties agree that DSI paid the $15,000 mobilization payment called for in the contract and that SPI removed 95% of the epoxy layer. But the contract calls for DSI to remit the balance of the contract price upon completion by SPI, so DSI's obligation to pay the remainder of the contract price had not yet vested when SPI left the job site. Therefore, unlike the defendant in *Dean Steel*, DSI is not alleged to have breached a contractual obligation to pay any sum of money to SPI.

Rather, SPI's breach of contract claim reads as an allegation that DSI repudiated the contract. The Plaintiff alleges that DSI breached the contract by refusing to secure a change order to increase the contract price to cover SPI's unexpected costs. Like the defendant in *Deady Advertising*, DSI's decision to not pursue a change order would have emanated from its principal place of business in Manassas. If this were a breach, it occurred in Manassas and the cause of action for breach of contract arose there, not in Norfolk. Because the contract was formed in Manassas and, if breached, was breached there as well, no part of the breach of contract cause of action arose in the City of Norfolk and venue would not be proper in Norfolk for that count.

## B. *Fraud*

Venue is proper with respect to SPI's fraud claim because a part of its cause of action for that count arose in the City of Norfolk. The Defendant argues that any fraud arose in Manassas because the alleged misrepresentations were either spoken or typed there and then transmitted via telephone or email to Norfolk. SPI responds that, in criminal fraud cases, "venue is proper both where a criminal actor's conduct occurs and where the resulting criminal impact occurs." (Pl. Br. ¶ 11 (quoting *Spiker v. Commonwealth*, 58 Va. App. 466, 472, 711 S.E.2d 228, 231 (2011)).)

Both parties miss a critical step in the analysis, however. Because a fraud claim arising from a contract may sound in tort, contract, or both, *Abi-Najm v. Concord Condo., L.L.C.*, 280 Va. 350, 361, 699 S.E.2d 483, 489 (2010) (quoting *Dunn Construction Co. v. Cloney*, 278 Va. 260, 266-67, 682 S.E.2d 943, 946 (2009)), to determine where the cause of action arose, the Court must first determine whether it sounds in tort or contract law. If the claim sounds in contract, then the cause of action is for a breach of contract that arose where the contract was formed or breached. See *supra*. If it sounds in tort, or both tort and contract, then the cause of action arose where a part of the injury occurred. *Wasson*, 20 Va. Cir. at 134. In the case at bar, a portion of SPI's fraud claim sounds in tort. Because at least a part of the injury for that portion accrued at SPI's principal place of business in Norfolk, that portion of SPI's fraud cause of action arose here and venue is proper in Norfolk for the fraud count.

### 1. *SPI's Claim for Fraud in the Inducement Sounds in Tort*

SPI's claim that DSI fraudulently induced it to enter the contract sounds in tort because it alleges a pre-contractual breach of the common law duty not to defraud others. SPI alleges that DSI committed both fraud in the inducement before the contract, by intentionally misrepresenting the difficulty of the proposed services, and fraudulent performance of

the contract, by misrepresenting the status of SPI's requested change orders. To determine the appropriate body of law for such claims, courts rely on the Source of Duty Rule. Where the source of the duty allegedly breached by the fraud is a contract, the claim sounds in contract and is a species of breach of contract claim. *Abi-Najm*, 280 Va. at 360, 699 S.E.2d at 488 (quoting *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 425, 374 S.E.2d 55, 58 (1988)). Where the source of the duty allegedly breached by the fraud is the common law or a statute, the claim sounds in tort. *Id.* at 361, 699 S.E.2d at 489. Because fraud in the inducement to a contract occurs before the contract is formed and therefore before any contractual duties can attach, see *id.* at 363, 699 S.E.2d at 490, an allegation of fraud in the inducement necessarily alleges the breach of the common-law duty not to defraud others and sounds in tort.

In *Abi-Najm*, the plaintiff condominium purchasers alleged that the defendant developer had fraudulently induced them to purchase condominium units by misrepresenting the type and quality of flooring the units would contain. *Id.* at 354-55, 699 S.E.2d at 485-86. The trial court sustained the defendant's demurrer on the grounds that, under the Economic Loss doctrine, the plaintiffs could not recover for their purely financial loss. *Id.* at 360, 699 S.E.2d at 488. The Virginia Supreme Court reversed the trial court's decision, holding that, in contractual fraud cases, the Economic Loss doctrine only bars tort claims for breaches of contractual duties, but not for independent common law or statutory duties. Because "[t]he fraud alleged by the [plaintiffs] was perpetrated by [the defendant] before a contract between the two parties came into existence," the parties' contract could not have been the source of the duty allegedly breached and the claim sounded in tort. *Id.* at 363, 699 S.E.2d at 490.

The Virginia Supreme Court reached the opposite conclusion in *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, however. 256 Va. 553, 559, 507 S.E.2d 344, 347 (1998). There, the City of Richmond sued its design-build contractor for breach of contract and fraud when it discovered that the contractor had not performed in accordance with their contract to build a baseball stadium. *Id.* at 556, 507 S.E.2d at 345-46. Richmond based its fraud claim on its allegation that, during the project, the defendant contractor falsified several progress payment applications. The Court found that, because the parties' design-build contract was the source of the defendant's duty to provide Richmond with honest assessments of its progress, the city's fraud claim sounded in contract. *Id.* at 559-60, 507 S.E.2d at 347-48.

Here, SPI's claim that DSI's misrepresentations about the change order's status, like the plaintiff city's claim in *McDevitt*, alleges a breach of DSI's contractual duty of good faith performance. The source of this duty is the parties' contract, so this portion of SPIs' fraud cause of action sounds in contract. However, SPI's claim that DSI fraudulently induced it to enter the

contract, like the *Abi-Najm* plaintiff's allegation, relates to DSI's conduct before the contract arose. Because there was not yet a contract between the parties when the alleged fraud occurred, the contract they eventually formed could not have been the source of the duty that DSI allegedly breached. The Plaintiff's allegation of fraud in the inducement therefore alleges a breach of DSI's common-law duty not to defraud others and so this part of the fraud claim sounds in tort.

### 2. *SPI's Cause of Action for Fraud in the Inducement Arose in Norfolk*

SPI's cause of action for fraud in the inducement arose in Norfolk because at least some of any economic injury it suffers through fraud occurs here. In a fraud or constructive fraud action, the plaintiff must prove that it suffered damages as an essential element. *McDevitt*, 256 Va. at 558-59, 507 S.E.2d at 346-47. Because damages are an essential element of a fraud claim, they are a part of the cause of action for the purposes of venue, and venue is therefore proper where those damages accrue. When a corporate party is defrauded, at least a part of the injury occurs where it has its principal place of business. *Wasson*, 20 Va. Cir. at 133. In *Wasson*, the court concluded that, because the plaintiff corporation's principal place of business was in Westmoreland County, the injury from any fraud perpetrated against it occurred there and was sufficient to support venue. *Id.* Similarly, any damages SPI sustained as a result of fraud accrued at its principal place of business is in Norfolk, and so part of its fraud cause of action arose here. Because part of SPI's fraud cause of action arose in Norfolk, venue is permissible here.

### C. *Transfer of Venue*

Even when venue is permissible, however, the court has the discretion, on a party's motion and a showing of good cause, to transfer the case to a more convenient forum. Va. Code Ann. §§ 8.01-264, 8.01-265. The reverse is also true; even when venue is impermissible, the court may retain the action on a party's motion and a showing of good cause. § 8.01-264. Section 8.01-264 provides that "good cause" may include the "substantial inconvenience" of the parties, but the court may find other reasons to be sufficient as well. See *Faison v. Hudson*, 243 Va. 413, 418, 417 S.E.2d 302, 304 (1992) (affirming the circuit court's retention of a case with improper venue based on its finding that the defendant's delayed objection and imminence of the trial date constituted good cause). Even where the moving party has not alleged that it would be substantially inconvenienced by the plaintiff's chosen forum, the Court may balance the relative inconvenience of the plaintiff's chosen forum against the defendant's proffered alternative, see, e.g., *Wasson*, at 133.

DSI has not alleged that it would be substantially inconvenienced by retention of the case in Norfolk. Neither has it pleaded any reason for the Court to conclude that it would be in any way more inconvenienced by retention than SPI would be by transfer. Therefore, DSI has not shown good cause for transferring the case, its motion to transfer venue will be denied.

## Conclusion

The Defendant's objection to venue will be overruled because venue is proper in Norfolk for SPI's fraud in the inducement claim. That count alleges pre-contractual tortious misrepresentations that injured SPI at its principal place of business in Norfolk, and this is sufficient to support venue under § 8.01-262(4). However, because the breach of contract and unjust enrichment claims did not arise in Norfolk, DSI may renew its objection if the fraud claim is dismissed on demurrer. The Court will then consider whether, based on the progress of the action, good cause exists for transferring the action on the remaining counts to Manassas. Assuming that the fraud claim survives demurrer, however, venue is proper and the record does not indicate that DSI would be substantially inconvenienced by retaining the action here.

Accordingly, the Defendant's objection to venue will be overruled, and its motion to transfer venue will be denied.