# CIRCUIT COURT OF THE CITY OF NORFOLK

Gale Littleton

v.

Norfolk Southern Railway Co.,
Consolidated Rail Corp.,
and American Premier Underwriters

December 12, 2013

Case No. (Civil) CL13-5447

By Judge Charles E. Poston

This action is before the Court on the Verified Objection to Venue and Motion to Dismiss filed by the Defendants Norfolk Southern Railway Company, Consolidated Rail Corporation, and American Premier Underwriters. Having considered the written submissions of counsel and the papers filed in this action, as well as the argument of counsel, the court will deny the Motion to Dismiss.

*Facts*

The plaintiff Gale Littleton is a retired railroad engineer, who was employed by the defendants, Norfolk Southern Railway Company, Consolidated Rail Corporation, and American Premier Underwriters, formerly known as Penn Central Corporation (collectively "the Railroads"), from 1969 to 2011. He was first employed by Penn Central, then Consolidated Rail, and retired as a locomotive engineer for Norfolk Southern Railway Company in 2011. Norfolk Southern is also American Premier Underwriters' and Consolidated Rail's successor in interest.

In February 2013, Mr. Littleton, a non-smoker, was diagnosed with lung cancer. He contends the cancer was caused in whole, or in part, by prolonged exposure to toxic and pathogenic particulate matter, dusts, and/or gasses, associated with either asbestos and/or diesel exhaust fumes, all encountered while he was working as a fireman and engineer for the Railroads. He contends that the Railroads failed to comply with the Federal

Employer's Liability Act, 45 U.S.C. § 51 ("FELA"), and the Locomotive Inspection Act and the regulations thereunder. Specifically, Mr. Littleton alleges that the Railroads provided defective and unsafe locomotive crew cabs which contained and included dangerous and toxic asbestos containing materials and equipment and airborne asbestos fibers or which contained diesel exhaust fumes emanating from engine exhaust stacks.

## Procedural History

On July 15, 2013, Mr. Littleton filed suit. On August 5, 2013, the Railroads filed their Verified Objection to Venue and Motion to Dismiss pursuant to Virginia Code § 8.01-265(i). They contend that Norfolk, Virginia, is an inconvenient forum; that the state and federal courts in and around Ohio or Pennsylvania are more convenient to the parties and witnesses; and that the case should, therefore, be dismissed in favor of the more convenient forum. Mr. Littleton responded that, if the subsection of § 8.01-265 which excludes asbestos claims that accrue under Virginia Code § 8.01-249(4) from the provisions of § 8.01-265(i) does not apply to FELA asbestos claims, then § 8.01-265 is unconstitutional as applied to those claims. However, Mr. Littleton argues that the subsection of § 8.01-249(4) includes asbestos claims that accrue under FELA. Therefore, he argues that asbestos claims arising under FELA are not subject to dismissal under § 8.01-265. Additionally, he contended in oral argument that the Railroads have not met their burden because Florida, where Mr. Littleton and his diagnosing physicians reside, is an even more convenient forum than Ohio or Pennsylvania.

## Discussion

The purpose of a Motion to Dismiss under § 8.01-265 is to "allow actions to be tried in courts which are convenient to the parties and witnesses." *Norfolk & W. Ry. v. Williams*, 239 Va. 390, 392, 389 S.E.2d 714, 715-16 (1990) (internal quotations omitted). Under § 8.01-265(i), a court may, upon motion and for good cause shown, dismiss the action if there is a more convenient forum outside the Commonwealth. Va. Code § 8.01-265(i). The decision whether to dismiss an action under § 8.01-265 is vested in the sound discretion of the court. Va. Code § 8.01-267.

While the Railroads have shown that some witnesses will be substantially inconvenienced by trial in Norfolk, good cause has not been shown to justify dismissing the action. Dismissal may eliminate an inconvenience for witnesses from Ohio and Pennsylvania but will create a similar inconvenience for witnesses in Norfolk, Virginia. In turn, Mr. Littleton argues that, because a number of witnesses reside in Norfolk, Virginia, and Florida, the Railroads have not shown good cause to dismiss the action in favor of Ohio or Pennsylvania. The Court agrees. However, in presenting

his argument, Mr. Littleton argues that *Norfolk & W. Ry. v. Williams* applies only to motions seeking transfer under § 8.01-265(ii) and not motions seeking dismissal under § 8.01-265(i). The Court disagrees with this argument. The key issue in *Williams* is not which provision of § 8.01-265 governs substantial inconvenience to the parties and witnesses, but rather a clarification of what constitutes substantial inconvenience under the good cause standard. *Williams*, 239 Va. at 395. Nothing in the statute provides a separate good cause standard for each provision. The statute specifically states that a court "may . . . for good cause shown, dismiss . . . or transfer the action." Va. Code § 8.01-265. Under § 8.01-265, "[g]ood cause [is] deemed to include, but not limited to, the . . . avoidance of substantial inconvenience to the parties or the witnesses. . . ." *Id.* This requirement and definition of good cause applies to both dismissal under § 8.01-265(i) and transfer under § 8.01-265(ii). *Id.* Therefore, any standard regarding substantial inconvenience applies to both provisions of the statute.

In *Williams*, the court held that it was substantially inconvenient for witnesses to travel from Roanoke to Portsmouth to participate in a trial that had little nexus with Portsmouth. "By holding a trial in Portsmouth, the witnesses faced the inconvenience of being away from families, homes, and jobs while traveling to testify." *Williams*, 237 Va. at 395. Relying on *Williams*, the Railroads emphasize that, given that the cause of action arose in and around the Ohio and Pennsylvania area, it is likely several witnesses would have to travel from those areas to Norfolk. This court agrees that such travel would be substantially inconvenient to those witnesses. However, in *Williams*, it was significant that not a single witness in that case was from Portsmouth. All potential witnesses, with the exception of one, were from Roanoke. The exception was a medical witness who resided in Richmond. *Id.*

The case at bar is easily distinguishable from *Williams*. It is clear that not all potential witnesses reside in Ohio or Pennsylvania. Mr. Littleton anticipates calling his diagnosing and treating physicians, all of whom reside in Florida, as well as a Norfolk Southern corporate representative, a medical doctor from Norfolk Southern's medical department, and a local physician's assistant, all of whom reside in Norfolk. Even though it appears from the motions filed that a greater number of witnesses may reside in Ohio and Pennsylvania, the Court agrees with the principle that "[a]pplication of forum non conveniens is not simple math where the [c]ourt totals the number of witnesses on each side and goes with the majority." *Instrumentation Services, Inc. v. Town of Victoria*, 60 Va. Cir. 92, 94 (2002). Instead, "[a]pplication of the doctrine of forum non conveniens requires a balancing of various factors. . . ." *Id.* at 93 (citing *Williams*, 239 Va. at 389). One such factor is the presumption that plaintiff's choice of forum is correct. *Williams*, 239 Va. at 394. In this case, potential witnesses reside in the current forum and, therefore, the fact that witnesses reside elsewhere,

even a majority of witnesses, is insufficient to rebut the presumption in favor of the plaintiff's choice of forum.

Relying on *Williams*, the Railroads also argue that the action should be dismissed for lack of a nexus with Norfolk because Mr. Littleton is a non-resident and the cause of action arose outside the Commonwealth. In *Williams*, the only connection the action had to Portsmouth was that it was plaintiff's choice of forum and that defendant's "railroad tracks [ran] through Portsmouth, requiring the [defendant] to engage in business in that city, thereby making Portsmouth a proper choice of venue." *Id.* at 395. Therefore, the court held that the action should have been transferred by the trial court, partly, because the action had "at best only a technical, formal connection with [Portsmouth]." *Id.* at 395. Nevertheless, included in the nexus analysis was the fact that the trial court was presented with sufficient information to show good cause to transfer, including substantial inconvenience to the parties and witnesses. *Id.* While the Virginia Supreme Court has held that good cause is not limited to substantial inconvenience to the parties and the witnesses, the court has also held that the degree of nexus, or lack thereof, between an action and the forum does not alone provide good cause. *Virginia Elec. & Power Co. v. Dungee*, 258 Va. 235, 246, 520 S.E.2d 164, 170 (1999).

Since the Court holds that the level of inconvenience to the witnesses alone does not constitute good cause to dismiss the case, the Railroads are left only to argue the degree of nexus between the action and Norfolk. Even if such argument were valid, Mr. Littleton is entitled to the presumption that his choice of forum is correct, and unlike in *Williams*, both Norfolk Southern's principal place of business and some potential witnesses for the parties reside in Norfolk. Additionally, Mr. Littleton asserts that files necessary to the litigation, such as his personnel and medical files, are located in Norfolk. While files can be easily transported, the totality of the circumstances demonstrates a greater nexus to the action in Mr. Littleton's chosen forum than was present in *Williams*.

## Conclusion

Good cause to dismiss the action pursuant to § 8.01-265(i) has not been shown because dismissal will only transfer the inconvenience from witnesses in Ohio and Pennsylvania to witnesses in Norfolk, Virginia. Therefore, the Court will retain the case in Norfolk. Accordingly, the Railroads' Motion to Dismiss will be denied.